## SUPREME COURT.

ABBY KELLOGG, administratrix, &c., agt. ELIZA ANN PAINE, administratrix, &c.

Where a party is called upon, by an order, for the *particulars of an account*, the several items thereof should be given with all practicable particularity, the date and amount and general character of each item, as proposed to be established by proof at the trial.

Where an account is furnished in pursuance of an order, which account is adjudged to be defective, the second *order* requiring a more particular statement of the account should contain the *points* in respect to which a further specification is required. (*Analagous to the former practice.*)

*It seems*, that the better practice is, for the party who intends to preclude his adversary from proving an account, on the ground that he has not complied with a demand or an order for the particulars of such account, to apply for an order to that effect, *before the trial*—to have this question settled before the trial comes on.

*Rensselaer Special Term, April,* 1853. *Motion that defendant be precluded from giving evidence, &c.* The action was brought to recover a balance of account claimed to be due to the plaintiff from the estate of John Paine, deceased. The answer alleges that the plaintiff is indebted to the estate "for the services of Mr. Paine, as attorney, solicitor, counsellor, and agent for plaintiff, and rendered at the request of the plaintiff, from the time of the decease of the plaintiff's intestate to the day of the death of said Paine, and chargeable from year to year as commissions, or otherwise, and interest, on a sum greater than that claimed in the complaint, and the value of which services, commissions and interest were, and amount to the sum of $20,000."

The plaintiff's attorney obtained from a county judge an order to show cause why a further account should not be delivered, and, upon hearing counsel for the parties, an order was made requiring the defendant's attorney within thirty days from the service of the order, to deliver " a further and more particular account in writing, of the particulars of the defendant's set off or counter claim, mentioned in her answer."

In pursuance of this order the defendant's attorney served a further statement of the defendant's claim, stating that such claim is " for services rendered by John Paine, deceased, as stated in the answer, commencing with the taking out of letters of administration by the plaintiff, &c., in making investments for plaintiff, and settlements of debts due her, drawing bonds, mortgages, assignments and other papers, and counselling in relation thereto; receiving and disbursing moneys to the amount of about $300,000, as agent; and other services as attorney, counsellor, solicitor, and agent, for the period of time specified in the answer, of the particulars of which claim the said John Paine kept no account, to the knowledge of the defendant, and of which particulars she believes the plaintiff has a better knowledge than the defendant, the plaintiff having possession of many of said papers; but the defendant specifies the following as a part of the items of her claim: the value of said Paine's services for investigating titles, and drawing all papers, and other services as attorney and counsellor; in making loans upon bonds and mortgages of Philip Viele, E. Rand, C. Pierce, J. P. Cushman, Wotkyns & Belding, Joseph Gary, W. D. Haight, John Lansing, Joseph Baucus, Hayner & Bonesteel, David Gleason, James Dickerman, severally, in the year 1835, or thereabouts, and in purchasing the house and premises in Troy, on which Mrs. Kellogg lately resided, in same year, and in making loans on bonds and mortgages of sundry other persons, (naming them,) leasing premises in 4th street, collecting rents and general care of same—the full particulars of which claim the defendant cannot give, without a disclosure on the part of the plaintiff, and access to papers in her possession, the value of all which services, with interest thereon from the

time they were rendered, which she also claims, the defendant believes to be $20,000."

The plaintiff's counsel now moved that the defendant be precluded from giving evidence of the counter claim set forth in her answer, on the ground that she had not delivered such an account of the items thereof as the order required.

J. Pierson, *for Plaintiff.*

J. G. Britton, *for Defendant.*

Harris, Justice.—It is required of all parties pleading under the Code that they should set forth, with intelligible certainty and particularity, the facts upon which, at the trial, they will rely, to establish a cause of action or defence. When, however, the cause of action or matter of defence consists of an account, the particularity of statement required in other cases, is in the first instance dispensed with, and the pleader is allowed to allege his cause of action or ground of defence in general terms. But, when a party avails himself of this mode of pleading, he may subsequently be required to furnish to his adversary " the items of his account." His omission to do this, when required, renders his pleading unavailable upon the trial. If, when thus required to furnish the items of his account, he attempts to do so, but the account furnished is, for any reason defective, an order may be made requiring a " further account" to be deli-·· vered. This practice has been pursued in this case. An order for a further account has been made, and a further account has been delivered, which further account, it is insisted, is also defective. This is, undoubtedly, so. The defendant having set up, by way of defence, an account against the plaintiff, was bound, when called upon for that purpose, to specify the several items, stating with all practicable particularity, the date and amount and general character of each item, as she intended to have it allowed at the trial. The account, like the answer, should state the facts which the defendant proposes to establish by proof, if controverted. Tested by these principles, it is obvious that the account furnished by the defendant is insufficient. She would be required to prove more than she has

stated in her account before she could be allowed for the services mentioned.

But while the account is defective, I think the order requiring such further account is also defective. The defendant having, upon the demand of the plaintiff, furnished an account which, upon the application for the order, was adjudged to be defective, the points in respect to which a further specification was required should have appeared in the order. This was the former practice when a further bill of particulars was required, and it is equally important now. (*Graham's Pr.* 2d ed., 518.) Humphrey agt. Cottleyou, (4 *Cowen*, 54,) Stanley agt. Millard, (4 *Hill*, 50.)

Whether, in case of the failure of the party to comply with an order for a further account, either by delivering an insufficient account, or omitting to deliver any account at all, an application should be made, upon motion, to preclude such party from giving evidence of the account claimed in the answer, or whether the objection should be taken at the trial, is, perhaps, not very well settled. The more convenient practice undoubtedly is, to have the question settled before the trial. Where an effort had been made to comply with an order for a further account, it might operate as a surprise upon the party, to meet an objection to the sufficiency of his account, for the first time at the trial. In such cases, at least, and I am inclined to think, in all cases, it would be the better practice for the party who intends to preclude his adversary from proving an account, on the ground that he has not complied with a demand or an order for the particulars of such account, to apply for an order to that effect, before the trial. (*Graham's Pr.* 519.)

In this case, however, the defendant must have an opportunity to furnish a further account, before she can thus be precluded. An order must therefore be entered requiring her to furnish such further account, specifying therein, the particular items upon which she will rely upon the trial, with the dates and amounts of such items. And, as it is suggested that some of the papers necessary to enable the defendant to give such specific account, are in the possession or under the control of

the plaintiff, sixty days may be allowed to the defendant to furnish such further account, to the end that she may, if necessary, obtain a discovery of such documents. If this order shall not be complied with in a satisfactory manner, the plaintiff will be at liberty again to apply for an order precluding the defendant from giving evidence of her account. Neither party should have costs upon this motion.