Lawrence, J.
The defendant does not explain the transaction of the collection of the insurance upon the life of his wife, to my satisfaction ; nor does he deny the positive assertion in Mr. Hendrickson’s affidavit, that when interrogated in respect to such insurance he denied that it had been made.
It would appear from the uncontradicted evidence that it was only by an accident that the plaintiff’s counsel discovered that the money due under the policy had been paid to the defendant.
The conduct of the defendant certainly should lead the court to scrutinize with great care any statements which he may make in regard to the disposition of the money. I am of the opinion that the defendant can give, and should be required to give, a further and fuller bill of particulars, stating the names at least of some of the persons to whom the payments set forth in the bill were made.
If the defendant were before the court as a guard *144 ian or executor, he would be compelled to produce vouchers for all payments exceeding $20 in amount.
II. May, 1878.
The defendant thereafter served a further bill of particulars, complying with the order of Mr. Justice Lawrence as to part only of the items therein mentioned. The plaintiff then, on December 28, 1877, obtained another order from said justice, directing a further bill of particulars, specifying the names of the persons to whom the amounts of the said several items were respectively claimed to have been paid, the dates of the respective payments, and the exact nature of the articles bought, and, in default thereof, that the plaintiff might apply at chambers, on two days’ notice, for an order that the defendant be precluded from giving evidence at the trial in sxipport of his defense, except as to such items as to which he had delivered particulars as above directed.
The defendant gave the following reasons for not giving a fuller bill of particulars, viz. :
That from May, 1866, down to February, 1867, he, personally, and also a nurse employed by him for the care of the plaintiff and her two sisters, made purchases for the three children of the several articles of wearing apparel charged against the said children in the. further bill of particulars; and that after February, 1867, down to the last date mentioned in such bill, all purchases for the children were made by his present wife ; that the said items consisted, among other things, of the various articles of personal apparel and clothing, including every item and article of dress adapted to girls of the age of the said children, varying from about two to about eighteen years of age; that such purchases were made from day to day, as occasion required; and that at the end of each month an account was kept by him of such expenditures, but very seldom did he keep any account of the names of the persons from whom purchases were made; that such purchases were always made for cash, and that even were he able to state in detail the names of the persons or stores from whom or from which such purchases were made, it would be absolutely impossible for any such persons or storekeepers to verify the fact of such purchases, and that, for the above reasons, it was impossible for him to state more in detail the items specified in his bill of particulars, or give any names of storekeepers, other than as the same wpre set forth in the “further bill of particulars.”
*144 He cannot ask in this action to stand in any other or better position than a guardian or executor would stand upon an accounting (Matter of Grill, 3 Hun, 20).
Indeed, by collecting the money on the policy, he voluntarily assumed the attitude of a guardian towards the plaintiff.
Let an order be entered that the defendant furnish a further and more specific bill of particulars.
The motion to refer this cause is denied, with leave to renew after the defendant has furnished the further bill of particulars, ordered on the other motion.
That the items charged in said bill had been proved by him and other witnesses on the settlement of his accounts as executor ; that the plaintiff and her attorney were present at the examination thereof, and offered no testimony against, any of the items. That the plaintiff, had full personal knowledge relative to all the items charged in the said account against her.
Defendant having failed to furnish any further bill of particulars, as required by the last-mentioned order of Mr. Justice Lawrence, plaintiff obtained an order from Mr. Justice Donohue precluding defendant from giving evidence except as to the items particularly set forth as required thereby.
From this order the defendant appealed.
S. F. Cowdrey, for defendant, appellant.
The reasons and explanations furnish a valid answer to a demand for further particulars (Blackie v. Neilson, 6 Bosw. 681; Young v. De Mott, 1 Barb. 30 ; Seaman v. Low, 4 Bosw. 345). The objects and purposes of a bill of particulars are to apprise the party of the specific demands of his adversary (People ex rel. Waring v. Monroe, 4 Wend. 200), and to prevent surprise at the trial, and enable the adversary to prepare for trial (Moran v. Morrissey, 28 How. Pr. 101; 1 Burrill Pr. 432; 2 Paine & Duer Pr. 150). It does not require the same particularity as a count on a special contract (Smith v. Hicks, 5 Wend. 51; Brown v. Williams, 4 Id. 368; Drake v. Thayer, 5 Robt. 694; Bowman v. Earle, 3 Duer, 694; Kellogg v. Paine, 8 How. Pr. 329). The construction of 3 R. S. 95, section 55, is well settled to be, that for any sum (under or over $500) vouchers are not required, provided other legal proof be furnished in support of payments made by executors (Dayton on Surrog. [2 ed.] 472 ; Willcox v. Smith, 26 Barb. 342 ; Kellett v. Rathbun, 4 Paige, 109 ; Williams v. Purdy, 6 Id. 168).
Hubbard Hendrickson (Hendrickson & Haggerty, attorneys), for plaintiff, respondent.
The defendant should be required to furnish the particulars demanded (Code of Pro. § 158; Code of Civ. Pro. § 531). The order of Justice Donohue followed as a matter of course the failure to comply with Justice Lawrence’s order (Kellogg v. Paine, 8 How. Pr. 329 ; Moran v. Morrissey, 18 Abb. Pr. 131). Defendant should be required to specify the name of the persons to whom the amounts were paid, and the exact nature of the articles bought. His conduct entitles him to no favor. See opinions of Davis, P. J., and of Brady and Donohue, JJ., in Brush v. Shuster, 3 Abb. New Cas. 73. Every presumption is against the defendant. The *147 order of Justice Lawrence being in Ms discretion, should be sustained, and that of Justice Donohue should be. affirmed.