DELIA E. PITTMAN, RESPONDENT, *v.* HENRY JOHNSON, AS EXECUTOR, ETC., OF LEMUEL PITTMAN, DECEASED, APPELLANT.

*Gift of the income of a residuary estate to one for life — right of the legatee to the income from the death of the testator — when such right is not affected by a decree of the surrogate settling the executor's account.*

May 3, 1878, the defendant's testator died leaving a widow and children. He then owned three pieces of real estate in the city of Utica. By his will, after all his lawful debts had been paid and discharged, he devised to his wife the use of one piece of real estate as a residence during her life, and for her support and that of an infant son; he also gave to her the net annual income and interest of all the rest, residue and remainder of his estate, real, personal and mixed, after paying therefrom the annual taxes, insurance and necessary repairs, for and during the term of her natural life, or as long as she remained his widow, in lieu of dower, and of all or any other claim or claims upon his estate.

The defendant having qualified as executor sold one piece of the real estate, March 22, 1881, for $1,904, and the other March 30, 1882, for $3,705. Between the date of the testator's death and December 10, 1882, he had received from the income of the estate, over and above all charges and expenses, $645.36, of which he had paid to the widow only thirty-nine dollars. July, 1881, the defendant's accounts were presented to and settled by the surrogate, in which he credited the principal of the estate with the said net rents.

In this action, brought by the widow against the defendant, as executor and trustee, to compel him to pay over the income of the estate, she was allowed to recover the said rents so received by him prior to the surrogate's decree, as well as those thereafter received.

*Held,* no error. (FOLLETT, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered in Oneida county upon the report of a referee, for $645.38.

May 3, 1878, Lemuel Pittman, the testator, died, leaving a wife

and six children surviving him. His last will and testament was admitted to probate July 10, 1878. The defendant was appointed executor and trustee under said will, and qualified as such. The testator, by his will, after his lawful debts were paid and discharged, devised to his widow, the plaintiff, the possession and the use of the premises known as No. 42 Lansing street, in the city of Utica, for and during the period of her natural life, and also, "the net annual income and interest of all the rest, residue and remainder of my estate, real, personal and mixed, after paying therefrom the annual taxes, insurance and necessary repairs for and during the term of her natural life, or as long as she should remain my widow and unmarried, the same to be in lieu of dower and of all and any other claim or claims on my estate," for her support and mainte- nance and that of an infant son, during minority.

On the 23d day of May, 1881, the executor filed his petition in the Surrogate's Court of Oneida county, asking for the final settle- ment of his accounts as executor, and on the return of the citation, on the 2d day of July, 1881, the executor appeared in the Surrogate's Court and submitted his report and the accounts, by which it appeared he had received the sum of $3,751.39. He was credited with the amount of expenses paid, commissions allowed, statutory exemptions, etc., in the sum of $3,748.97, leaving a balance of two dollars and forty-two cents in his hands as executor. The surrogate on that day entered an order declaring that: "The proceedings of Henry Johnson, as executor and trustee of the estate of Lemuel Pittman, deceased, are in all respects just and proper, and that he has fully and faithfully executed his trust, as far as it appears from the sworn account on file up to date July 2, 1881." The plaintiff appeared on the accounting with counsel, and claimed that she was entitled to the rents of the real estate.

The deceased left two parcels of real estate besides the premises No. 42 Lansing street, and subsequent to July 10, 1878, the defend- ant leased the real estate and collected the rents therefrom down to April 1, 1882. He sold one of the pieces March 22, 1881, for $1,904, and the other March 30, 1882, for $3,705. The defendant paid all the debts, liabilities, funeral expenses and the expenses of settling the estate, including executor's commissions, and after pay- ing to the plaintiff the sum of $39, there remained in his hands,

April 1, 1882, $2,048.92. He had received prior to December, 1882, by way of rents for the real estate, $1,923.67. He had paid out on interest on mortgages on the real estate $583.75, for taxes $388.82, for insurance $77.94, and for necessary repairs $152.78. On the 10th of December, 1882, the defendant had received and had in his possession from the net annual interest and income from the estate, after the payment of the taxes, insurance and repairs, $720.38; his commissions on that sum were $36.02, leaving a balance of $645.36. The referee found that while that sum was in his hands the plaintiff demanded the same, and the defendant refused the payment thereof or any part thereof.

*C. D. Prescott*, for the appellant.

*Watson T. Dunmore*, for the respondent.

HARDIN, P. J.:

We think that the referee's finding that a demand was made on the 10th of December, 1882, of the defendant in behalf of the plaintiff, was warranted by the evidence given upon the hearing. Mr. Dunmore testified affirmatively that he made the demand personally of the defendant, and that the defendant refused to make any payment to the plaintiff for or on account of the trust estate. Johnson, as a witness, admitted that he held a conversation in December, 1882, with Mr. Dunmore, and that Mr. Dunmore claimed that the plaintiff was entitled to interest on all the money in my hands from the time I was appointed executor. He denies, however, that Mr. Dunmore made any demand for any money in any way, shape or manner. It was for the referee to determine upon the conflict between these witnesses whether or not the demand was established. We are not prepared to say that his findings are against the truth of the matter.

This action was brought to recover the income of the trust property, which came to the hands of the defendant. We think this court has jurisdiction of such an action, and that the jurisdiction of the surrogate in respect to such a legacy is not conclusive. Section 1819 of the Code of Civil Procedure, provides that a person entitled to a legacy may maintain an action against the executor who refuses to pay over after the expiration of one year from the granting of

letters testamentary. It was held in *Lewis* v. *Maloney* (12 Hun, 207), viz.: The Supreme Court has concurrent jurisdiction with the surrogate in enforcing the payment of legacies. Such jurisdiction has been maintained for a long period of time anterior to the adoption of the section to which we have referred. (Willard's Equity Jurisprudence [Potter's ed.], 88; *Seymour* v. *Seymour*, 4 Johns. Ch., 409; *Spelman* v. *Terry*, 74 N. Y., 448.) We think there is no force in that suggestion that the plaintiff could not recover because this property was not before the court.

The legacy given to the widow in lieu of dower does not abate as other legacies, and other residuary legatees are not necessary parties. (*Scofield* v. *Adams*, 12 Hun, 366.) Besides, there was not defect of parties alleged as a defense in the answer, and whatever objection the defendant might have had in that regard was waived. (Code of Civ. Pro., §§ 488–498 and 499.) We think the decree entered July 2, 1882, was not a bar to the plaintiff's right of recovery of her legacy. Section 2742 of the Code of Civil Procedure declares upon the facts whether a surrogate's decree should be conclusive. We think the account rendered by the defendant to the surrogate was his account as executor, and not an account as testamentary trustee. In July, 1881, the debts of the testator had not been paid, and had there been no *demonstration* there would have been a surplus after the debts were paid. It does not appear that the plaintiff's right to the legacy, which she seeks to recover in this action, was or could have been litigated in the proceedings before the surrogate, and to settle the executor's accounts. We, therefore, conclude that the surrogate's decree was not a bar to the plaintiff's right of recovery in this action. (*Fulton* v. *Whitney*, 66 N. Y., 557; *Marcellus* v. *Countryman*, 65 Barb., 201.) We think it was competent to show, by parol, what questions were included in the hearing before the surrogate. (*Briggs* v. *Wells*, 12 Barb., 567; *Agan* v. *Hey*, 30 Hun, 591.) We think the plaintiff was entitled to her rents and profits and income of the testator's estate remaining after the payment of the funeral expenses, expenses of administration and the debts, though the precise sum was not ascertained until a period subsequent to the probate of the will. (*Cooke* v. *Meeker*, 36 N. Y., 15; *Pierce* v. *Chamberlain*, 41 How., 501.) Under this ruling the finding of the referee of the

amount due to the plaintiff is sufficiently favorable to the defendant. We are of the opinion that the referee committed no error as to costs upon which the defendant can successfully complain. Where a trustee obtains funds belonging to the *cestui que trust*, he should be ready and willing to pay and apply the same according to the direction and the intent of the founder of the trust, without delay. (*Eberhardt* v. *Schuster*, 6 Abb. N. C., 141.) The defendant has prosecuted this appeal for the purpose of relieving himself of personal liability, and, as he has been unsuccessful, we are of the opinion that the costs of this appeal should be charged upon the appellant, personally. (Code of Civil Procedure, § 3246; *Butler* v. *B. & A. R. R. Co.*, 24 Hun, 99.)

Judgment affirmed, with costs against the appellant, personally.

BOARDMAN, J., concurred.

FOLLETT, J. (dissenting):

The Supreme and Surrogate's Court have concurrent jurisdiction to compel the defendant to pay the plaintiff the amount to which she is entitled under the will, but the court which first acquires jurisdiction, has exclusive jurisdiction. (*Lewis* v. *Maloney*, 12 Hun, 207.) As to all rents received prior to the accounting before the Surrogate's Court, that court acquired jurisdiction, before which court the parties litigated their claims, and are bound by its decree until reversed. The referee held that the plaintiff was entitled to recover the rents received prior to and embraced within the decree of the Surrogate's Court, which was error.

Apart from the decree of the Surrogate's Court being a bar to the recovery of the rents received prior to its entry, the plaintiff at most, was only entitled to recover the income of the clear residue ($2,048.92), from the death of the testator, May 3, 1878, to February 14, 1883, the date of the commencement of the action. (*Williamson* v. *Williamson*, 6 Paige, 298; Williams on Executors [6 Am. ed.], 1488, 1492 and cases there cited.) The will provides: 1st. For the payment of debts, then specifically devises No. 42 Lansing street, and then gives the net annual income of the rest, residue and remainder of his estate to his widow. Residue means what is left after paying the debts, devises and legacies. (*Phelps* v. *Robbins*,

40 Conn., 250; 2 Williams on Exrs. [6·Am. ed.], 1563, 1564; 2 Abb. Law Dict., 422; Whart. Law Dict. [6·ed.], 843.)

Under the decision of the referee the plaintiff recovers the income upon the residue from the death of the testator and upon the debts, or upon the amount required to pay the debts and more. It was not shown that defendant received or could have received income, over and above expenses, equal to the legal rate of interest on the residue, yet the sum awarded exceeds the sum which the residue could have earned at six per cent from the death of the testator to the commencement of the action. The referee gave the plaintiff costs out of the estate, and refused the defendant costs.

The prevailing opinion on this appeal charges the defendant personally with the costs of this action. No objection has been raised to the defendants account, or to a single item in it. His administration of the trust has been wise and economical. No part of the estate has been used for the payment of counsel or doubtful expenses. He submitted the claims of the widow to the Surrogate's Court, without the aid of counsel, making no contention and has strictly followed its decree. To charge a trustee with costs under such circumstances, because an appellate court takes a different view from a court of concurrent jurisdiction of a doubtful question of law, is imposing too severe responsibilities upon trustees. It is in effect saying that they must know at their peril how the appellate court will decide the mooted question.

This action not being for the recovery of the income upon the residue, and no demand having been made upon that theory, the judgment should be reversed, and the complaint dismissed, with costs against the plaintiff.

Judgment affirmed, with costs of appeal against appellant personally.