Titus, J.
The plaintiffs in their complaint allege that the defendants were co-partners, and that between the 2d day of July, 1885, and the 31st day of August, 1885, he sold and delivered to the defendants certain goods, wares and merchandise which were of the agreed price and value of $486.98. The answer is a denial of the co-partnership of the defendants, and it set up as matter of defense, that on the 1st day of July, 1885, the partnership then existing between the defendants was dissolved, and that the business of said co-partnership was continued by the defendant Wü- ' liam E. M. Frecknall, and that the plaintiffs had notice of such dissolution, and that the goods, wares and merchandise mentioned in the plaintiffs’ complaint were sold and credit given to the defendant Frecknall. The defendant Parker, only, appears to defend. A demand of a bill of particulars of the plaintiffs’ account was made which the plaintiffs neglected to furnish, and when the cause was on trial, the defendants’ counsel objected to the plaintiffs giving any proof of the sale of the goods to the defendants on the ground that no bill of particulars had been furnished him, of the plaintiffs’ account; the court overruled the objection and allowed the plaintiffs to make proof of their claim.
It appears that the only issue tried was the partnership of the defendants at the time the goods were purchased. The jury passed upon that question adversely to the defendants and gave the plaintiffs a verdict for the amount of their claim. The sale of the goods was not in issue under the pleadings, nor was any question raised on the trial involving that issue. In the light of the facts developed on the trial, it is apparent that an itemized account of the plaintiffs’ demand could have availed the defendants nothing, as neither the sale nor the quantity of goods was questioned by them.
The practice as it existed under the old Code has not been changed by section 531 of the Code of Civil Procedure. Butler v. Mann, 9 Abb. (N. C.), 49; Dwight v. The Germania Life Ins. Co., 84 N. Y., 493.
Under the old Code, the proper practice in case a party neglected to furnish a bill of particulars on demand, was to make application to the court by motion to preclude such party from giving evidence on the trial, of his demand. If a party desires to prevent the giving of such proof, he should have the question settled before trial. Kellog v., Paine, 8 How. Pr., 329.
This practice has been uniformly pursued by the superior *257 -court of New York, and so far as I am able to learn, by the supreme court.
This is the better practice, as all parties will then know just what facts the evidence will be directed to prove. Dowdney v. Volkming, 37 N. Y. Supr. Ct., 313; Moore v. Belloni, 42 id., 184.
I think the judge on the trial of this cause committed no error in allowing the plaintiffs to make this proof, without having first furnished the defendant with a bill of particulars.
The judgment appealed from should be affirmed, with costs.