ADAM F. GEBHARD et al., Respondents, v. JOSHUA W. PARKER, Impleaded, etc., Appellant.

In an action to recover for goods sold, the complaint alleged that the defendants, at the time of the sale, were copartners. Defendant P. denied the alleged copartnership, averring that the firm was dissolved prior to the sale; that plaintiffs had notice of such dissolution, and that the credit was given to defendant F. The latter did not answer. P. made written demand for "a bill of items of matters set forth in the complaint, * * * as the foundation of the plaintiffs' claim against the defendants." The demand not having been complied with, P. objected on trial to proof of the sale and delivery of the goods; this was overruled and the evidence received. *Held*, no error.

The provisions of the Code of Civil Procedure (§ 531), requiring the party alleging an account in his pleadings to deliver to the adverse party, within ten days after a written demand thereof, a copy of the account, and declaring that "if he fails to do so he is precluded from giving

evidence of the account," should be executed by means of an order made on application preliminarily to the trial, or to the disposition of the question of the admissibility of the evidence offered, so that the purpose and mandate of the statute may be effectuated without surprise or unnecessary prejudice to any of the parties.

(Submitted February 27, 1890; decided March 18, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made June 13, 1887, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*Frank E. Sickels* for appellant.   This was a case in which a demand was proper.   (Code Civ. Pro. § 531; *Dowdney* v. *Volkenning*, 5 J. & S. 313; *Barkley* v. *R. & S. R. R. Co.*, 27 Hun, 515; 3 Johns. Ch. 587.)   The question of the pre-cluding evidence of the account was properly raised at the trial.   (Code Civ. Pro. § 531; *Moore* v. *Belloni*, 9 J. & S. 184.)   If the plaintiffs considered the demand improper and desired to have the question settled before trial, they might have moved to have the demand set aside.   (*Perzel* v. *Shook*, 5 Civ. Pro. Rep. 400; *Clegg* v. *A. N. Union*, 7 Abb. [N. C.] 59; *Gross* v. *Clark*, 87 N. Y. 275; *Hoag* v. *Weston*, 10 Civ. Pro. Rep. 92.)

*Baker & Schwartz* for respondent.   The admission of improper evidence, by which the defeated party could in no wise be prejudiced, is not error for which a new trial will be granted.   (*Shafer* v. *People*, 2 N. Y. 193–202; *People* v. *McCann*, 16 id. 58–61; *Forrest* v. *Forrest*, 25 id. 501–510; *Ferris* v. *People*, 35 id. 125–129; *Thorne* v. *Tuck*, 94 id. 90–96; *Comstock* v. *Hier*, 73 id. 281; *Lerche* v. *Brasher*, 104 id. 161; *Christal* v. *Kelly*, 88 id. 285–292; *People* v. *City of Troy*, 82 id. 575; Code, § 531.)   Had defendants desired to avail themselves of plaintiffs' default in furnishing a copy of the account, they should have applied to the court for an

order precluding plaintiffs from giving evidence upon that point. (*Cunard* v. *Francklyn*, 49 Hun, 233.)

BRADLEY, J. The action was brought against the appellant, one Frecknall and another as defendants, and by the complaint the plaintiffs alleged that the defendants, at the time in question, were copartners, doing business in the partnership name of the "Daily Hotel Gazette Publishing Company" and of the "Daily Standard," and that between July 2, 1885, and August 31, 1885, the plaintiffs sold and delivered to the defendants, as such copartners, at their request, certain goods at an agreed price mentioned, which remained unpaid. The defendant Parker denied the alleged copartnership, and alleged that the partnership of the defendants was dissolved on July 1, 1885, of which the plaintiffs had notice, and that for the goods mentioned in the complaint credit was given to the defendant Frecknall alone, and that the defendants as copartners never had any dealings with the plaintiffs. The other defendants did not answer. The defendant Parker made written demand of "a bill of items of matters set forth in the complaint * * * as the foundation of the plaintiffs' claim against the defendants." No bill of items was served. And on the trial the defendants' objection to evidence offered to prove the sale and delivery of the goods referred to in the complaint, on the ground that the plaintiffs had failed to comply with such demand, was overruled and exception taken, and evidence of the sale and delivery was introduced. The only controverted question upon the trial was whether the defendants were partners at the time of such sale, and whether the plaintiffs had any notice of a previous dissolution of the firm. The jury found for the plaintiffs.

Inasmuch as the alleged sale and delivery of the goods was not controverted by the answer, and no proof of that fact requisite, it is not apparent that the bill of items demanded could have had any essential importance or have furnished any legitimate aid to the defendant upon the issue presented by the pleadings for trial. The only fact which the plaintiffs

were, upon this issue, required to establish, was that the
defendants, as partners, were liable to pay for the property
alleged to have been sold to them, and that was dependent
upon the fact, either that they were such partners at the time
of the sale, or that the plaintiffs had the right to so treat the
defendants for the purpose of charging them with liability for
the goods. It is assumed by the counsel for the parties that
the verdict of the jury had the support of evidence. But
assuming as urged by the defendants' counsel, that the excep-
tion founded upon the failure of the plaintiffs to furnish
a bill of items in compliance with demand, presents the
question of practice in that respect for consideration, the
inquiry arises whether it was error to permit the introduction
of the evidence of the sale and delivery of the goods.

The statute provides that the party alleging an account in
his pleading must deliver to the adverse party, within ten days
after a written demand thereof, a copy of the account, and "if
he fails so to do he is precluded from giving evidence of the
account." (Code, § 531.) The provisions of the old Code
provided that the party of whom such demand was made
should, within the same time, deliver to the adverse party a
copy of the account, "or be precluded from giving evidence
thereof." (§ 158.) Prior to the Code the preclusion of evi-
dence of an alleged account of which a bill of particulars had
been demanded was dependent upon an order to that effect,
and such was the practice pursued under the old Code. (*Kel-
logg* v. *Paine*, 8 How. Pr. 329 ; *W. & P. R. R. Co.* v. *Myers*,
16 Abb. 34 ; *Moore* v. *Belloni*, 10 J. & S. 184.) The differ-
ence between the language of those provisions of the two
Codes is verbal rather than substantial, and there is no less
reason for the continuance of the rule of practice under the
latter than existed when the provisions of the earlier statute
was in force. Neither provided for an order except in the
event that the account delivered should be defective, in which
case provision was made in both statutes that the court or a
judge was authorized by order to direct the delivery of a
further account. It seems that the demand is effectual to

give the party a right to a copy of the account so called for, and that the penalty for failure to comply with it is the preclusion of evidence of the account on the trial. Thus far the statute is plain. But the manner of executing this provision of the statute is a matter of practice; and it should not be such as to subject to surprise the party of whom a demand is claimed to have been made. This situation might arise under some circumstances which may be imagined. The better rule of practice is that the execution of the penal provision of this statute be dependent upon an order. The parties then may act advisedly, and the trial court, when the admissibility of evidence of the account arises, will be embarrassed by no collateral inquiry into the facts upon which the rights of the parties in that respect may depend. By means of an order made on application preliminarily to the trial, or to the disposition of the question of the admissibility of the evidence, the purpose and mandate of the statute may be effectuated without surprise or unnecessary prejudice to any of the parties.

The reception of the evidence was not error.

The judgment should be affirmed.

All concur except VANN, J., not voting.

Judgment affirmed.