(22 Misc. Rep. 143.)

### ROSEN v. ROSENTHAL.

(Supreme Court, Appellate Term. December 28, 1897.) ·

1. BILL OF PARTICULARS.
   The provision of Code Civ. Proc. § 2942, as rendered applicable to district courts by Consolidation Act, § 1347, entitles either party to make application to the court upon joinder of issue "to require the adverse party to exhibit his account or demand, or to state the nature thereof as far as it is in his power so to do," in order that the court may determine whether it is a proper case for such a direction, and specify in the direction when and in what manner such account should be exhibited; and failure to comply with a mere demand for a bill of particulars, when no order for the same was entered, does not warrant the exclusion of evidence at the trial.

2. SAME—ENTRY OF ORDER.
   Upon the making of such a direction, the justice, to preserve evidence thereof, should properly either make an entry of it, or reduce the direction to the form of an order to be filed or served, as he may direct.

Appeal from Fourth district court.

Action by Moses Rosen against Nathan S. Rosenthal. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

L. G. & W. A. Goodhart, for appellant.
Morris Hillquit, for respondent.

PER CURIAM. Section 2942 of the Code of Civil Procedure (made applicable to district courts by section 1347 of the Consolidation Act) provides that:

"The court may, upon the request of either party, made when issue is joined, require the adverse party to exhibit his account or demand, or to state the nature thereof, as far as it is in his power so to do, at that or another specified time; and in case of his default, it may preclude him from giving evidence of such parts thereof as have not been so exhibited or stated."

The justice certifies that on the return of the summons the parties appeared by their respective attorneys; that the plaintiff complained

for "goods sold and delivered"; that the defendant answered as follows: "General denial, bill"; and that thereupon the cause was adjourned for trial.  At the trial the plaintiff testified that he was suing for $95.71, and that he had sold the defendant goods.  He was then asked what kind of goods, and the justice's return shows the following:

"Objected to by counsel for the defendant, who moves that the plaintiff be precluded from giving any evidence, on the ground that a motion for a bill of particulars was made, but no bill has been furnished.  Motion denied.  Exception."

The defendant apparently relies on this exception.  There is nothing in the return which indicates that the court,· when issue was joined, required the plaintiff to exhibit his account or demand, or to state the nature thereof, further than he had in his oral complaint; and the fact that the justice refused to preclude the plaintiff from giving evidence of his account would imply that no such direction had been made.  We think that this provision was intended to entitle either party to make application to the court upon joinder of issue "to require the adverse party to exhibit his account or demand, or to state the nature thereof as far as it is in his power so to do," that the court may determine whether it is a proper case for such a direction, and specify in the direction when and in what manner such account should be exhibited.  Upon making such direction, the justice, to preserve evidence thereof, may cause such entry to be made as he deems proper; or he may reduce the direction to the form of an order, to be filed or served, as he may direct.  Good practice requires this, that neither party may be surprised by objections at the trial.  Gebhard v. Parker, 120 N. Y. 33, 23 N. E. 982.  The Code (section 531) provides, in regard to courts of record, that:

"It is not necessary for a party to set forth, in a pleading, the items of an account therein alleged; but in that case, he must deliver to the adverse party, within ten days after a written demand thereof, a copy of the account, which, if the pleading is verified, must be verified by his affidavit, to the effect that he believes it to be true.  *  *  *  If he fails so to do, he is precluded from giving evidence of the account," etc.

It will be readily seen that the demand provided for by section 531 (which is not applicable to district courts) is essentially different from the provision of section 2942, which authorizes the court to require the adverse party to exhibit his account, etc.

The action was originally brought against the defendant as "Samuel Rosenthal," but by consent the record was amended so that his name should read "Nathan S. Rosenthal."  The question litigated at the trial was whether the goods were sold to the defendant or to his father, Abraham Rosenthal; and the justice, upon conflicting evidence, found that they were sold to the defendant.  We find no reason to differ from the conclusion reached, and the judgment must be affirmed, with costs.