(50 App. Div. 476.)

### DE GREGORI v. SAITTA.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

BILL OF PARTICULARS—DEMAND—ORDER OF COURT—NOT DEMANDED UNTIL TRIAL—EFFECT.

Code Civ. Proc. § 2942, provides that when issue is joined the court, on request, may require the adverse party to exhibit his account or demand, and state the nature thereof, and, on failure to comply with such order, the party may be precluded from giving evidence of such parts of the account or demand as have not been exhibited. *Held*, that where defendant, being sued for money loaned, alleged in his answer a claim for services greater than plaintiff's demand, and plaintiff made no demand nor requested any order of the court to be made requiring a bill of particulars of defendant's demand until defendant undertook to introduce evidence thereof, it was error to exclude the evidence.

Appeal from municipal court, borough of Brooklyn, First district.
Action by Giovanni B. De Gregori, receiver of the New York Fruit Importing Company, against Simone Saitta. From a judgment in favor of plaintiff, defendant appeals. Reversed.
Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

T. D. Kenneson, for appellant.
Charles D. Folsom, for respondent.

HATCH, J. The action was brought to recover the sum of $390, with interest from July 1, 1894, money loaned to the defendant by the New York Fruit-Importing Company, of which company the plaintiff was made receiver prior to the commencement of the action. In-

ter alia, the defendant interposed as an affirmative defense that he
was employed by the importing company as its general manager, at
a salary of $25 a week, and that in addition thereto it was agreed that
he was to receive further and additional compensation for extra work
performed outside of regular business hours, and in the nature of
night work; that, in accordance with such agreement, he did perform
such services; that all the moneys paid by the importing company
to the defendant, over and above the amount of his salary, were paid
to him on account of such extra work, and as part payment of his ad-
ditional compensation; and that at the time of the dissolution of the
importing company it was indebted to the defendant in divers sums
of money over and above that claimed to have been loaned, and to
recover which the action was brought. It is therefore clear that this
answer raised a vital issue in the case; for if the plaintiff could show
the arrangement which he averred in his answer, and that the com-
pensation to which he was entitled therefor was greater in amount
than the sum loaned, as claimed by the plaintiff, it would defeat the
plaintiff's cause of action. Upon the trial, however, when testimony
was offered tending to establish this defense, upon the objection of
plaintiff's counsel it was excluded, on the ground that the defendant
had failed to serve upon the plaintiff a bill of particulars of such
claim. It does not appear from the return of the justice that at the
time when issue was joined any request was made of the defendant to
furnish a bill of particulars of his account in this regard or any other,
nor does there appear in the record any demand, made by the plaintiff
upon the defendant, to serve such bill of particulars. The first that
appeared in respect thereto was upon the trial of the action, when the
defendant sought to prove the rendition of extra service and the ar-
rangement under which it was performed. It is manifest that the
ruling of the court in this regard was error for which the judgment
must be reversed. Section 2942 of the Code of Civil Procedure pro-
vides that, when issue is joined, the court, upon the request of either
party, may require the adverse party to exhibit his account or de-
mand, or to state the nature thereof; and, in case of failure to comply
with such request, the court may preclude the party from giving evi-
dence of such parts thereof as have not been exhibited or stated. By
the terms of the Code, therefore, the court was not authorized to ex-
clude the proof, because no such penalty had been incurred. There
had been neither request at the time when the issue was joined, nor
any order made requiring the defendant to exhibit his account in this
respect. The demand for a bill of particulars after the trial was be-
gun was unauthorized and ineffectual for any purpose. Rosen v. Ros-
enthal, 22 Misc. Rep. 143, 48 N. Y. Supp. 790. The purpose of the bill
and of the order requiring it to be delivered is to apprise the party
of the specific demands of his adversary, but the demand must be
made under such circumstances as will give the party an opportunity
to comply with it, and cannot be insisted upon when the request
would operate to the surprise and prejudice of the party. The Code
provides a simple, plain, and direct method of procedure, and before
a penalty may be inflicted compliance must be had with its pro-
visions. As there was an utter failure in this case to make such re-

quest, as required by the Code, the judgment should be reversed, and a new trial ordered.

Judgment of the municipal court reversed and new trial ordered, costs to abide the event. All concur.