damages from that day to the 1st of May—in all, $50. On cross-examination the plaintiff testified:

"Q. How many months did she tell you she would engage you for? A. That was not spoken about at all. Q. Did she say that she would engage you for one month? A. She did not say anything about it at all."

It is too well settled in this state to require extended citation that "a hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve." Martin v. Insurance Co., 148 N. Y. 117, 121, 42 N. E. 416; Wood, Master and Servant, § 136; Baker v. Appleton & Co., 107 App. Div. 362, 95 N. Y. Supp. 125; Outerbridge v. Campbell, 87 App. Div. 597, 84 N. Y. Supp. 537; Fischer v. Sanchez & Haya Co., 44 App. Div. 629, 60 N. Y. Supp. 1138. Where a contract of hiring is general or indefinite in its terms, it is prima facie a hiring at will, and the burden rests upon the servant to prove that the hiring is for a definite term. Hotchkiss v. Godkin, 63 App. Div. 469, 71 N. Y. Supp. 629.

Not only has the plaintiff failed to carry the burden, but his cross-examination affirmatively shows that no definite period of service was in the contemplation of either party. The defendant, therefore, incurred no obligation beyond the wages earned from the 1st of the month to the 11th and was within its legal rights in dispensing with plaintiff's services thereafter.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

(56 Misc. Rep. 434.)

### POLLACK v. WIENER et al.

(Supreme Court, Appellate Term. November 29, 1907.)

PLEADING—BILL OF PARTICULARS—COUNTERCLAIM.

> Pursuant to an order to file a bill of particulars of a counterclaim, providing that in case of default the defendants would be precluded from giving evidence in support of the counterclaim, defendants filed a bill claimed to be in compliance with the order, and no further steps were taken by plaintiff with reference to the bill until the case came on for trial. *Held*, that plaintiff, having failed to move before trial for a further bill of particulars, could not object to receiving evidence of the counterclaim.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Jacob Pollack against Louis Wiener and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Rudolph Cherurg, for appellants.

Laurence J. Bershad, for respondent.

LEVENTRITT, J. The plaintiff sued to recover an unpaid balance for carpenter work performed under a contract with the de-

fendants, who pleaded a general denial and set up a counterclaim for damages resulting from a breach of the contract. Upon the defendants' failure to comply with a demand made for 'the particulars of the counterclaim, the plaintiff moved for a bill, and the motion was, on the 14th of January, 1907, granted by default, and thereafter an order was entered reciting the particulars which the defendants' should furnish within three days, and providing that upon failure to comply the defendants would be precluded from offering on the trial proof in support of their counterclaim. Within the specified time the defendants filed a bill which they claimed was a compliance with the order. No further steps were taken by the plaintiff with reference to the bill. The cause came to trial before a jury on the 16th of April, 1907, and when the defendants tendered evidence to sustain their counterclaim the plaintiff objected that the bill filed was not in compliance with the order, and invoked the provision which precluded the evidence. The defendants insisted that the order had been obeyed; but the learned trial justice held to the contrary, rejected the testimony, and the defendants excepted to the ruling. From a judgment entered upon a verdict in favor of the plaintiff, the defendants appealed, assigning as error the rejection of the evidence offered.

It was error to exclude evidence of the counterclaim. The defendants, having served a bill which they deemed a compliance with the order, were not in default. If the plaintiff claimed the bill defective or insufficient, he should have moved for a further bill. He cannot wait until the trial, without intimating that the bill does not meet the requirements of the order, and then for the first time advance his objection and invoke the drastic provision precluding the giving of testimony. Faller v. Ranger, 99 App. Div. 374, 91 N. Y. Supp. 205; Reader v. Haggin, 114 App. Div. 112, 99 N. Y. Supp. 681.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.