JOHN REIS COMPANY, Respondent, *v.* MARY ELIZABETH POST, as Executrix, etc., of DONALD MCNEIL, Deceased, Appellant.

Second Department, May 17, 1918.

Evidence — pleading — order for bill of particulars not precluding further evidence — principal and agent — agent acting for two principals with knowledge of both — commissions.

Although a bill of particulars required the plaintiff to state the names of persons who made certain communications to a decedent and he stated the name of one person only, he was entitled to produce other witnesses at trial, if there was no order precluding such evidence.

Although ordinarily an agent cannot recover commissions where he acts for two principals without the knowledge of both, he may recover commissions where one of the principals knew that he was acting for the other and made a contract to exchange lands with that knowledge.

APPEAL by the defendant, Mary Elizabeth Post, as executrix, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of December, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of December, 1917, denying defendant's motion for a new trial made upon the minutes.

The action was brought to recover for broker's commissions. The original complaint was held insufficient (162 App. Div. 463), and was thereafter amended.

*Melville H. Cane,* for the appellant.

*Henry M. Dater* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the respondent.

PUTNAM, J.:

Donald McNeil had made a written proposition to plaintiff (to be held good for thirty days), looking to an exchange of his Woodruff avenue property valued at $100,000, subject to a first mortgage of $20,000, for apartment dwellings at the corner of Bedford avenue and Sterling street, at a valuation of $130,000, subject to a first mortgage of $60,000. The $10,000 difference in equities was to be paid him in cash. This proposition was accepted. But Mr. McNeil died, and defendant as his executrix declined to pay plaintiff's claim for commissions on such exchange.

After action brought, defendant obtained an order for a bill of particulars to state when and where and who were present when plaintiff communicated to the deceased the result of plaintiff's negotiations. To this the bill of particulars stated that such conversation was held by one Ohnewald at the residence of defendant's testator, " and the plaintiff at this time does not recall that any one else was present although there may have been some one." Upon the trial plaintiff produced two other witnesses, who, over defendant's objection and exception, testified to such conversation. As there was no order to preclude plaintiff from such evidence, such exception is without merit.

The duty of a broker for sale of real estate to act solely for his principal is not open to question. If he acts for both sides, the principals should be so told, in advance, before they close such transactions. Here, however, the defendant's written memorandum of a proposed exchange, recognizes that plaintiff as broker was already acting for its client. This memorandum addressed to plaintiff begins: " This is to say that I will agree to the following sale and exchange of properties with a client of yours, in connection with deal now pending, and am prepared to sign contracts immediately you advise me that my proposition is accepted, and with the further understanding that the commission to you on my property will be at the rate of one and a half ($1\frac{1}{2}\%$) per cent. on the purchase or sale price."

Hence the court rightly declined to dismiss on the ground that plaintiff was to get a commission from both sides, inasmuch as the terms of the offer by defendant's testator had

plainly recognized such a prior relation between plaintiff and the other side.

Neither was there error in the ruling that the testimony from the witnesses Holmes and Maltz, especially as cross-examined, removed any question of fact as to the ability to discharge and to satisfy the balance of $7,000 due on the second mortgage. The issue of the customer's financial ability to raise and pay the $10,000 upon consummation of the exchange was properly submitted to the jury, and the finding thereon must stand as supported by the evidence.

The judgment and order are, therefore, affirmed, with costs.

Present — JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.