WILLIAM J. JUDGE, Appellant, v. THOMAS J. MILLIGAN, JR., Respondent.

Supreme Court, Erie County, April, 1928.

Courts — City Court of Buffalo — pleadings — bill of particulars — failure to serve bill — order of preclusion not necessary, under Buffalo City Court Act, § 33 — Civil Practice Act, § 247, construed to require order of preclusion, not applicable, notwithstanding Buffalo City Court Act, § 56.

Where, in an action in the City Court of Buffalo, a plaintiff fails to comply with an order directing the service of a bill of particulars, the defendant is entitled to have evidence as to the items requested excluded, under section 33 of the Buffalo City Court Act, although it has not obtained an order of preclusion.

Section 247 of the Civil Practice Act, which has been construed to mean that if the party in whose favor an order for a bill of particulars has been made desires to invoke upon the trial the penalty of precluding evidence provided in that section, he must first move for and procure a preclusion order, is not applicable in the City Court of Buffalo, notwithstanding section 56 of the Buffalo City Court Act, making provisions of the Civil Practice Act and the rules and regulations of the Supreme Court applicable to the City Court of Buffalo in so far as they are not in conflict with the provisions of the Buffalo City Court Act.

APPEAL by plaintiff from a judgment of the City Court of Buffalo.

A. T. O' Neil, for the appellant.

Chester, Smith & Smith [Edward Gram of counsel], for the respondent.

NORTON, J. This action was brought by plaintiff to recover the damages to his automobile caused by a collision with defendant's automobile; defendant by answer denied liability, and counterclaimed the damages to his automobile. At the joinder of issue defendant served a demand for a bill of particulars of plaintiff's claim, and at the same time served notice of motion for an order requiring plaintiff to serve a verified bill of particulars of his claim. On the return of the notice of motion the court granted an order directing plaintiff to serve upon defendant's attorneys a verified bill of particulars of the plaintiff's claim, " giving in detail the various items and costs of labor performed and of material furnished in the repair of the automobile, * * * also the number of days that the plaintiff has had to forego the use of said automobile and in what manner the same is not now in the same condition as before the accident."

The order was duly served on plaintiff's attorney, who wholly failed to comply with the order or take any action in regard thereto, until the day of the trial, seven months after the service of the order, when he offered to serve a bill of particulars upon defendant's attorneys, who then refused to accept such service, on the ground it was too late.

Upon the trial plaintiff offered testimony of the items of damages to his automobile and of the labor and materials furnished in the repair thereof, as his only evidence of the character and extent of injuries to his automobile and of his damages. Such testimony was duly objected to by defendant on the ground that plaintiff was precluded from giving such evidence by failing to comply with such order for a bill of particulars. Ruling thereon was reserved by the court and the testimony was given.

From the decision of the court it is clear that the court, in effect, sustained such objection and excluded such testimony. But the court found in plaintiff's favor as to the respective negligence of the parties, granted a judgment for nominal damages to plaintiff and dismissed defendant's counterclaim, from which judgment plaintiff has taken this appeal.

Plaintiff now contends that the practice that prevails in the Supreme Court under section 247 of the Civil Practice Act as the provisions of such section have been construed by the courts and by such construction held to require a motion for and a preclusion order to be granted, before a party, failing to comply with the directions of an order for a bill of particulars, will be subjected to the preclusion penalty which such section provides, is the practice that prevails and must be followed in the City Court of Buffalo, basing such contention on the similarity of the provisions for

preclusion of the evidence contained in such section 247 of the Civil Practice Act, and in section 33 of the Buffalo City Court Act (Laws of 1909, chap. 570) and on the provisions of section 56 of the City Court Act (Laws of 1909, chap. 570, as amd. by Laws of 1922, chap. 142), which reads: " The provisions of the Civil Practice Act and rules and regulations of the Supreme Court as they may be from time to time, shall apply to the City Court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

Section 247 of the Civil Practice Act provides: " Upon application in any case, the court  *  *  *  upon notice, may direct a bill of the particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered."

However, the courts have construed that provision to mean that, if the party in whose favor such an order has been made desires to invoke, upon the trial, the penalty provided in that section, he must first move for and procure a preclusion order, notwithstanding that the language of such section would indicate that no such motion is necessary. (*Gebhard* v. *Parker*, 120 N. Y. 33; *Hein* v. *Honduras Syndicate*, 138 App. Div. 786; *McKenna* v. *Horwitz & Schanback*, 163 id. 541; *Metallograph Corp.* v. *Arma Eng. Co.*, 196 id. 66; *Foster* v. *Curtis*, 121 id. 689; *Richards* v. *Miller*, 167 id. 443; *Rando* v. *Royal Mail Steam Packet Co.*, 208 id. 634.)

And the courts have definitely held that if the party so ordered to give particulars has failed to do so, he may, notwithstanding, on the trial, give evidence of the matters he failed to give particulars of, if no order of preclusion has been procured by his adversary. (*Reis Co.* v. *Post*, 183 App. Div. 696; *Smith* v. *Bradstreet Co.*, 134 id. 567; *Pollack* v. *Wiener*, 56 Misc. 434.)

The only reason assigned for requiring the additional work and time involved in making the motion for and procuring the preclusion order is that confusion might arise on the trial, if the fact of the order for the particulars or compliance therewith was disputed, which makes expedient a preliminary order to preclude. (See Carmody's New York Practice, §§ 276, 284; *Gebhard* v. *Parker*, *supra.*)

That the preclusion provision of said section 33 of the Buffalo City Court Act, standing alone and read by itself, is somewhat similar to that of section 247 of the Civil Practice Act, is plain; but it should be read and construed in connection with all of the section of which it forms a part. The section first in clear, definite terms makes full provision for the practice and procedure in regard to

procuring and serving an order for a bill of particulars; it then clearly and definitely provides that the party directed to serve the bill of particulars may, and how he shall proceed to, procure additional time in which to comply with the order; after which, and in just as definite and unequivocal terms, it imposes the penalty of preclusion of the ·evidence, as to the matters, as to which the party ordered to give particulars has failed.    Section 33 reads: " Bills of particulars:—The City Court at the joinder of issue, or within three days thereafter, upon one day's notice may, upon the request of either party, require the other party to furnish a bill of particulars of the claim, which, if the pleadings are verified, shall also be verified, and if the original pleading be in writing, a copy thereof shall be served upon the adverse party, or if he appear by attorney, upon his attorney, within two days thereafter. The court may extend such time if it be made to appear by affidavit, that such bill of particulars cannot be prepared and served within the time so specified.   In case of default thereupon, such party shall be precluded from giving evidence of such part of his claim as he shall not have served particulars of after having been so directed by the court."

Section 56 of the Buffalo City Court Act, hereinbefore quoted, makes only such provisions of the Civil Practice Act and rules and regulations of the Supreme Court apply to the City Court of Buffalo, as are not in conflict with such City Court Act; in case of conflict it provides that such City Court Act shall govern.

The provisions of said section 33 of the Buffalo City Court Act are so clear and definite and provide a procedure so adequate and complete that, upon this appeal, appellant does not seriously claim that the provisions of section 247 of the Civil Practice Act, and the decisions of the courts construing and applying such section, above cited, apply directly to the City Court of Buffalo.

But he does contend that the penalizing provisions, precluding the evidence for failing to comply with the order for the bill of particulars, of the two sections, viz., 247 of the Civil Practice Act, and 33 of the Buffalo City Court Act, are so similar that the construction by the Supreme Court of the provisions of section 247 of the Civil Practice Act should be adopted by the Buffalo City Court in construing and applying the provisions of section 33 of the City Court Act in question herein; and that the practice of the Supreme Court in such respect should be grafted upon the Buffalo City Court procedure.

To do so would change in that respect the practice of said Buffalo City Court, which from the inception of that court has been uniformly, without a preliminary preclusion order, to preclude

on the trial evidence of matters as to which the party offering it had failed to give the particulars in response to an order directing him to do so.

Said section 33 provides, with much particularity, the procedure to be followed on the application for and granting and serving the order for the bill of particulars, which provisions are followed by the specific provision that, " The court may extend such time if it be made to appear by affidavit, that such bill of particulars cannot be prepared and served within the time so specified;" thus placing the burden on the party ordered to give the particulars of obtaining an extension of time to do so, if he is unable to comply with the order in the time fixed by the section, which, in effect, negatives the claim that the party for whose benefit the order was made must apply to the court for a preclusion order, or the party in default, who has made no effort to comply with nor have the order extended, will suffer no inconvenience through his default. To hold that such is the law puts a premium on contumacious or careless disregard of the order of the court, at the expense of the party who has been diligent and acted in compliance with the practice provided in the law.

The City Court of Buffalo is not a court of record, but, for the city of Buffalo, takes the place of the Justice Court. It is provided to take cognizance of litigations involving small amounts, and to give those who are not in position to carry on protracted and expensive litigation, over minor matters, a tribunal and a procedure wherein and whereby to decide their differences. (See Buffalo City Court Act, § 50.)

To that end the effort on the part of both Legislature and courts has been to provide both a court and a practice that, by doing away with undue formality and unnecessary technicality, will conduce to a speedy and inexpensive administration of justice. To graft upon said section 33 of the Buffalo City Court Act, by construction, a provision that is not found therein, and thereby to unnecessarily add to the technicality of the practice, and the attendant cost of litigation, is contrary to the underlying purpose for establishing and maintaining such City Court. It adds to the complications and expense of a practice that was intended to be made as simple, direct and inexpensive as the proper administration of justice would allow. To care for the flood of litigation that must pass through the City Court and facilitate the flow thereof, there is the necessity to provide a well-defined, certain, speedy and inexpensive procedure; and yet with such safeguards that will insure the proper administration of justice.

Section 33 says the party in default " shall be precluded from giving evidence;" it also says in clear terms that the party directed to furnish the bill of particulars may procure an extension of time to do so if he cannot prepare and serve it in the time specified. It does not say, nor intimate, that the party for whose benefit the order was made must go to the additional trouble and expense of procuring a preclusion order, if the party to whom the original order is directed fails to comply with it. To add, by construction, such provision to the practice, would result in making the practice in the Buffalo City Court, in respect to bills of particulars, merely more technical and complicated, without adding to the quotient of justice dispensed.

. In this case the plaintiff was duly ordered to give the particulars; he failed to comply with the order or procure its extension; he has offered no excuse for his failure. The penalty is the result of his own default. That such penalty falls heavily on him is no sufficient reason why the appellate court should read into the City Court practice something that is not in such City Court Act and that is in conflict with its spirit and its purport, and thereby impose upon that court and the litigants therein an added burden.

The judgment appealed from is hereby affirmed, with costs of the appeal to respondent.