ROBERT CAUPAIN, JR., an Infant, by ROBERT CAUPAIN, His Guardian ad Litem, et al., Plaintiffs, and LUCILLE CAUPAIN et al., Respondents, v. RALPH M. JOHNSON, Appellant.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered February 15, 1963 after a jury trial, as is in favor of plaintiffs Lucille Caupain and Robert Caupain. Judgment, insofar as appealed from, reversed on the law; and, as to said plaintiffs Lucille Caupain 'and Robert Caupain, the action is severed and a new trial granted, with costs to abide the event. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion, the learned trial court erred in refusing to permit in evidence, when offered by defendant, a report used by one of plaintiffs' witnesses to refresh his recollection. That report, made by a third party, was admissible on the question of the credibility of the witness (cf. *People* v. *Reger*, 13 A D 2d 63, 71; *United States* v. *Caserta*, 199 F. 2d 905, 909; 3 Wigmore, Evidence [3d ed.], § 763, pp. 111–112). We are also of the opinion, however, that it was not error to admit proof as to loss of earnings, even though no such claim was made in the bill of particulars, which was served without any demand

therefor. Loss of earnings was alleged in the complaint, and defendant, if dissatisfied with the bill of particulars, could have moved for a further bill or for an order of preclusion (Rules Civ. Prac., rule 115; now CPLR 3042). Since he did not do so, the proof was properly received (cf. *Gebhard* v. *Parker*, 120 N. Y. 33; *Reis Co.* v. *Post*, 183 App. Div. 696; *Brett* v. *Simon*, 277 App. Div. 890; *Atlas Powder Co.* v. *Mid Is. Laundry Co.*, 175 Misc. 960). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.