(99 App. Div. 374)

### FALLER v. RANGER.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. PLEADING—BILL OF PARTICULARS—REFUSAL TO ACCEPT—MOTIONS.

　　Where a bill of particulars is returned for alleged insufficiency, the party receiving it may either take the risk of its sufficiency, and wait until the question is raised on the trial, or may, by a motion to compel the acceptance of the bill, procure in advance of the trial a determination of its sufficiency.

Appeal from Special Term.

Action by Sophie Faller against Jessica M. Ranger. From an order denying a motion to compel defendant to accept service of a bill of particulars (90 N. Y. Supp. 55), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Francis Martin, for appellant.

C. F. Goddard, for respondent.

O'BRIEN, J.   The defendant made a motion for a bill of particulars, which was granted, and thereafter, in compliance with the order directing the same, the plaintiff served a bill of particulars, service of which was admitted; but on the following day the defendant returned it with a notice that it was insufficient and defective. Thereafter the plaintiff moved to compel the defendant to accept the bill, which motion was denied, and it is from the order entered upon the denial of such motion that the plaintiff appeals.

This presents purely a question of practice. Upon the service of the bill of particulars, it is contended that the defendant had two courses open. If she deemed it insufficient or defective, she could move for a further bill of particulars, in which event the court, if it concluded that her position was right, could grant an order to that effect, or the defendant could return it if she deemed it defective or insufficient. But would not the plaintiff, in the latter event, also have two remedies? Was she bound to await the trial for determining the question of whether or not the bill of particulars, as served, complied with the order? Could she stand on the bill as served, and await the trial, or did she not have the right to move to compel the defendant to accept it?

Though these questions have frequently arisen, we have not been able, strange to say, to find any case which authoritatively decides the proper practice, and it is therefore before us as practically a new question for determination. We think that, if the bill of particulars is returned, then the party serving it, taking the risk of its sufficiency, may do nothing, and wait until the question is raised upon the trial. This risk, however, we do not think he should be bound to assume, or that it is good practice to assume it, because it will necessarily place him at a disadvantage in having to go to trial, assuming the risk that the bill of particulars, as served, complied with the order; the defendant, on the other hand, assuming no risk by returning it, even if it does comply. A shrewd practitioner, under this rule, after taking pains to make a copy which he would retain, and thus secure part, if not all, of the particulars desired, would in every instance return the bill of particulars, because by so doing he would lose nothing, and would have an opportunity upon the trial to keep out evidence in plaintiff's favor as to certain items, if successful in his contention that the bill of particulars in certain respects was defective or insufficient. But the more serious objection to the latter practice is that it imposes on the trial judge the burden of examining the order directing the service, and comparing it with the bill of particulars as served, and then of hearing argument by the party returning it as to the respects in

which he deemed the bill defective. Thus the trial would be delayed, and the trial judge vexed with questions which can and should be settled before the parties enter upon the trial of the action upon the merits. If the bill as served is deemed defective or insufficient, the one on whom it is served can move for a further bill of particulars, and this is seemingly the more regular and orderly practice. Should he, however, elect to return it, then the party serving it should have the right to compel him to accept it, and on such a motion the question of whether or not it complies with the order should be decided. In either of these events the question is determined in advance of the trial, and such practice commends itself, because it tends to avoid delay and confusion at the outset of a trial, and saves the trial judge from being bothered by questions of practice and sufficiency of bills of particulars at a time when he is ready to take up and dispose of the controversy on its merits.

In the present case, the bill having been returned and the plaintiff having moved to compel the defendant to accept it, we think the court should have considered the question of the sufficiency of the bill, instead of denying the motion upon the ground that such a motion was not proper. In other words, we think that the plaintiff's practice was right, and it was the duty of the judge at Special Term to dispose of the motion on the merits.

It follows, accordingly, that the order should be reversed, with $10 costs and disbursements, and the motion sent back to the Special Term for decision. All concur.