READER v. HAGGIN.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

PLEADING—BILL OF PARTICULARS—DEFECTIVE BILL—EFFECT.
    Code Civ. Proc. § 531, authorizing an order for a bill of particulars, and providing that in case of "default" the court shall preclude the party from giving evidence as to matters which should have been covered by the bill, does not authorize an order precluding evidence, where a bill supposed by the party to have been sufficient has been furnished and not returned, and no attempt made to secure a further bill.

Appeal from Special Term, New York County.

Action by Eleanor Rawls Reader against James B. Haggin. From an order granting defendant's motion to preclude plaintiff from giving evidence as to certain allegations in the complaint, plaintiff appeals. Reversed, with leave to require further particulars.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

J. J. Kirby, for appellant.
Clifton P. Williamson, for respondent.

O'BRIEN, P. J. Upon the consent of the plaintiff's attorney, an order was entered directing that plaintiff should not serve upon the attorney for the defendant a bill of particulars of the plaintiff's claim, specifying the particulars to be furnished. The plaintiff thereafter served what was clamed to be a sufficient bill of particulars, which was never returned. No motion for a further bill was ever made, nor was any indication given that the bill of particulars furnished was not in compliance with the order, or was defective in any respect; instead, the defendant served a notice of motion upon the ground that the particulars furnished were insufficient to preclude the plaintiff from giving any testimony with respect to certain allegations of the complaint. The authority for this practice is claimed to rest on section 531 of the Code of Civil Procedure, which provides as follows:

"Upon application in any case, the court, or a judge authorized to make an order in the action, may, upon notice, direct a bill of particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered."

It will be noticed upon a literal reading of the section that it is only in case of default in furnishing the bill of particulars that the moving party is entitled to the benefit of the provision which precludes his adversary from giving evidence of the allegations concerning which the latter failed to give particulars. Where, however, there has been no default, and where a party has furnished a bill of particulars which he thinks sufficient, the practice to be followed has been pointed out by this court in the case of Faller v. Ranger, 99 App. Div. 374, 91 N. Y. Supp. 205, wherein it was said:

"If the bill as served is deemed defective or insufficient, the one on whom it is served can move for a further bill of particulars; and this is seemingly the more regular and orderly practice. Should he, however, elect to return it, then the party serving it should have the right to compel him to accept it, and on such a motion the question of whether or not it complies with the order should be decided."

The practice which we have here suggested will effectually carry out the provisions of section 531, Code Civ. Proc., because where it is pointed out either on the motion of the plaintiff requiring the defendant to accept the bill of particulars in the event that the latter has returned it as insufficient, or, should the defendant retain the bill and move for further particulars, a failure to then comply with the order would present a case of a default, in which the provision of the Code to which reference has been made would enable the Special Term to protect the rights of the adverse party upon the trial by inserting a provision in the order which would preclude the party in default from giving any evidence with reference to the particulars involved. The advisability and the fairness of the practice thus pointed out is made apparent in the present case, wherein the plaintiff, who consented and agreed to serve the bill of particulars, and who, in compliance with the order entered on her stipulation, undertook to serve one which was

deemed sufficient.   We think, however, agreeing with the learned judge at Special Term in this respect, that she has served one which does not fully comply with the directions of the order.   Instead, however, of being afforded an opportunity to furnish the further particulars, she is met by an order, the terms of which will preclude her from making the proof which is necessary to sustain many of the allegations of her complaint.   She has, of course, a remedy open, which would be to apply to the court for permission to furnish such additional particulars as is deemed proper; but if the practice which we have endeavored to point out in Faller v. Ranger, supra, had been followed, the multiplication of motions could have been avoided.

The question of whether a bill of particulars is or is not sufficient frequently arises, and where a party has endeavored, and, as he thought, successfully, to comply with the order to furnish particulars, it would be a harsh rule to apply, because in some particular he may have failed, without giving him any further or other opportunity, and subject him to the rigors of an order which would effectually preclude him from remedying any defects necessary to fully comply with the terms of the order requiring him to furnish a bill of particulars.

We think that, in view of the form of the motion, it would have been entirely proper for the learned judge at Special Term to have required the plaintiff to furnish such further particulars as would have complied with the original order.   This, however, was not the relief sought, and accordingly we must reverse the order, with $10 costs and disbursements, and with leave to the respondent to apply to have the appellant furnish the further particulars required by the original order. All concur.

PER CURIAM.   For the reasons given in Eleanor Rawls Reader v. Jas B. Haggin (decided herewith) 99 N. Y. Supp. 681, the order appealed from must be reversed, with $10 costs and disbursements, and with leave to the respondent to apply to have the appellant furnish the further particulars required by the original order.