HOSNER v. KEAHON et al.

(Supreme Court, Appellate Term. May 7, 1909.)

1. PLEADING (§ 329*)—BILL OF PARTICULARS.

Under Code Civ. Proc. § 531, providing that the court may order a bill of particulars, and in default shall preclude the party from giving evidence of the allegations of which particulars have not been given, a plaintiff is in default if he fails to serve a bill after the order therefor is made, though he served such bill after motion, but before the order, which was returned as insufficient by defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. § 329.*]

2. COSTS (§ 57*)—ORDER GRANTING FAVOR.

Costs should not be allowed defendant on an order precluding plaintiff from giving evidence in support of an allegation, a bill of particulars of which he has failed to serve as ordered.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 57.*]

Appeal from City Court of New York, Special Term.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Frank Hosner against Virginia Keahon and others. From a judgment for defendants, plaintiff appeals. Modified as to costs, and affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Leopold Freiman, for appellant.

Frank V. Johnson (William L. O'Brion, of counsel), for respondents.

GILDERSLEEVE, P. J.  The record in this case is very improperly made up. It contains no headings, showing the affidavits used for or in opposition to the motion, nor does it show the order appealed from, and it is improperly indexed. This court would be justified in dismissing the appeal for this reason; but, although the imperfections in the record have caused much labor, that could easily have been obviated had the return been properly compiled, we have carefully examined it upon its merits.

It appears that issue was joined herein on June 24, 1907, and that on September 18, 1907, the defendant made a motion to compel the plaintiff to serve a bill of particulars. It does not appear that a demand therefor had been made prior to the making of such motion. The motion was heard on October 15 or 16, 1907. Either the day before the motion was heard, or upon the same day, the plaintiff served a bill of particulars. This was returned by the defendant's attorney, on the same day it was served, as being insufficient. The court below does not appear to have decided the motion until April 30, 1908, when an order was made requiring the plaintiff to serve a bill of particulars containing several specifications. To the requirements of this order the plaintiff paid no attention. In November, 1908, the defendant moved for and obtained an order precluding the plaintiff from giving any evidence upon the trial in support of the particulars required to be furnished by the aforesaid order. This order was granted, with $10 costs; and it is from this order that this appeal comes up.

It will be observed that the bill of particulars served by the plaintiff was not made in pursuance of the order requiring him to do so, but was one served prior to, or upon the day, the motion to compel him to so furnish a bill was heard; and such bill was furnished, apparently, to forestall the effect of said motion, although it does not appear that the fact that such bill of particulars was served was urged upon the hearing of the motion as a reason for its denial. The appellant now urges that he is protected by the provisions of section 531 of the Code of Civil Procedure, which permits an order to be granted precluding a party from giving evidence of the parts of his allegation of which particulars have not been delivered only when such party "is in default," and that, having once served a bill of particulars, he is not in default, and consequently the defendant's remedy was by an order to compel the plaintiff to furnish a further bill.

In this we think he is in error. Section 531, so far as the same is material herein, reads as follows:

116 N.Y.S.—46

"Upon application in any case, the court, or a judge authorized to make an order in the action, may, upon notice, direct a bill of the particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered."

The default therein referred to clearly has reference to a failure to comply with the direction of the court. In the case at bar, when the plaintiff served his bill of particulars, no direction of the court had been made; and after the court had directed a bill to be furnished the plaintiff entirely ignored the order of the court. Had he again served the bill of particulars which his adversary had returned, the situation would have been different; and, although the bill so served might have been insufficient and not in compliance with the court's order, nevertheless he would not have been in default in failing entirely to comply therewith. The cases of Faller v. Ranger, 99 App. Div. 374, 91 N. Y. Supp. 205, and Reader v. Haggin, 114 App. Div. 112, 99 N. Y. Supp. 681, lay down the proper practice in such cases, and the distinguishing feature in this case from those cases is that the plaintiff herein is clearly in default, having entirely disregarded the provisions of the order requiring him to furnish a bill of particulars, and when the defendant returned such bill the situation was precisely the same as though no bill had ever been served, so far as a compliance with the order of the court was concerned.

The lower court was therefore correct in making the order appealed from, but should not have imposed costs. The order granted a substantial favor to the defendant, and the plaintiff should not have been compelled to pay costs therefor. The plaintiff is not now remediless, as he can apply to be relieved from his default in failing to comply with the order appealed from.

Order modified, by striking therefrom the provision imposing costs upon the plaintiff, and, as modified, affirmed, with $10 costs and disbursements. All concur.