SMITH v. BRADSTREET CO. et al.

(Supreme Court, Appellate Division, Second Department.   November 19, 1909.)

1. PLEADING (§ 316*)—BILL OF PARTICULARS—DETAILS OF SPECIAL DAMAGES.
  Details of special damages claimed for malicious prosecution, directed to be disclosed by an order for a bill of particulars, are well within the discretionary powers of the court at Special Term.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 951; Dec. Dig. § 316.*]

2. PLEADING (§ 1*)—GENERAL OBJECT—BILL OF PARTICULARS.
  It is the object of all pleading, and a bill of particulars is but a supplemental part of the pleadings, that the parties should be called on to litigate definite issues, where each shall be on an equal footing.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

3. PLEADING (§ 323*)—BILL OF PARTICULARS—DEFECTIVE BILL AS PRECLUDING PARTY FROM GIVING EVIDENCE.
  It is better as a general rule, in ordering a bill of particulars, to reserve the question whether the party required to furnish the bill shall be precluded from giving evidence, and make it the subject of a separate motion; and it is not an objection to such motion that thereby the party is precluded from furnishing a further bill, if the one served is found insufficient, for such relief is entirely within the court's power when the motion comes before it.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 979; Dec. Dig. § 323.*]

Appeal from Special Term, Kings County.
Action by Christopher C. Smith against the Bradstreet Company and another for malicious prosecution. From an order of the Special

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Term granting a motion for a bill of particulars as to the details of special damages, plaintiff appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Elias B. Goodman and H. C. S. Stimpson, for appellant.

Karl T. Frederick, for respondents.

PER CURIAM. We do not think the order is open to the objections urged by the appellant, and under the rule recognized and approved in Dietz v. Leber, 33 App. Div. 563, 53 N. Y. Supp. 977, the matters directed to be disclosed by the order are well within the discretionary powers of the court at Special Term. If the plaintiff has suffered special damages, they must be such damages as are known to him, and the defendants ought not to be called upon to prepare to meet every possible damage which the plaintiff might attempt to prove. It is the object of all pleading, and a bill of particulars is but a supplemental part of the pleadings, that the parties shall be called upon to litigate definite issues, where each is on an equal footing; and this could not be the case under the plaintiff's complaint. It may be that there are some parts of the order which might just as well not have been made, as they are sufficiently covered by the general provisions; but we discover no harm which can come to the plaintiff by complying with the order as it is.

We think, however, as a matter of practice, that it is better as a general rule to reserve the question of whether the party required to furnish a bill of particulars shall be precluded from giving evidence, and make it the subject of a separate motion. If no bill is furnished, the order would follow as matter of course. If a bill is furnished, the question whether it is sufficiently full and complete can better be determined after service and before trial than at a time when the court is ready to take up and dispose of the controversy on the merits. Gebhard v. Parker, 120 N. Y. 33, 37, 23 N. E. 982; Faller v. Ranger, 99 App. Div. 374, 91 N. Y. Supp. 205; Bartow v. Sidway, 72 Hun, 435, 25 N. Y. Supp. 179. It does not seem to us to be an objection to a motion of such a character that thereby the party directed to furnish the bill is precluded from furnishing a further bill, if the one served is found insufficient (Reader v. Haggin, 114 App. Div. 112, 99 N. Y. Supp. 681), for such relief is entirely within the power of the court when the motion comes before it. The practice here suggested enables the matter to be disposed of by a single application to the court.

The order appealed from should be modified, by striking therefrom paragraph 3, relative to the giving of evidence, without prejudice to a further application, if so advised; and, as modified, it should be affirmed, without costs.