## COSSMAN v. BALLIN.

(Supreme Court, Appellate Division, Second Department. November, 18, 1910.)

1. PLEADING (§ 329*)—BILL OF PARTICULARS—FAILURE TO SUPPLY—EFFECT.

　　In an action for the price of goods sold, defendant set up a counterclaim. Plaintiff secured an order for a bill of particulars which defendant failed to supply. Plaintiff then moved that defendant be precluded from giving evidence respecting the items not covered by the bill of particulars. *Held*, that this motion should have been sustained; there having been no appeal from the order directing the bill of particulars.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. § 329.*]

2. PLEADING (§ 323*)—BILL OF PARTICULARS—ORDER—MODIFICATION.

　　Where the defendant has failed to supply a bill of particulars according to an order of court, and the time for appeal has elapsed, he may still move for a modification of the order, advising the court of his defense.

　　[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

Appeal from Special Term, Kings County.

Action by Alfred Cossman against William Ballin. From an order denying the motion of plaintiff to preclude defendant from giving evidence of matters of which he had failed to furnish a bill of particulars, plaintiff appeals. Reversed.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Walter H. Griffin, for appellant.
Jesse S. Epstein, for respondent.

THOMAS, J. The Taylor Silk Manufacturing Company sold silk mufflers and handkerchiefs to the defendant, and this action is brought by an assignee of the claim to recover the sum of $2,615.67. The defendant admits the cause of action, but sets up two counterclaims: First, that between February 4, 1908, and April 1, 1908, the Taylor Company sold defendant 16,000 silk mufflers and handkerchiefs of a particular design and fabric and in color combinations or assortments, and delivered 6,862 dozens, which were not of the agreed color combinations and assortments, whereby the defendant was damaged in the sum of $3,000; and, second, that the Taylor Company failed to deliver the balance, to wit, 9,138 dozens, whereby the defendant was damaged in the sum of $4,500.

The defendant having failed to serve a bill of particulars upon demand, the court (Kelly, J., presiding), on January 31, 1910, ordered

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that a bill of particulars consisting of nine items be served (pages 10, and 11). Items 5 and 6 require the defendant to state "the style numbers, if any, the particular design, fabric, and the color combinations or assortments of the handkerchiefs" and "mufflers," delivered and not delivered, which are the subject of the counterclaim. A bill of particulars was served, and returned as not in conformity with the order. This bill (page 27) gave the numbers, and then stated that:

"The design and fabric of these handerchiefs were to be in accordance with the samples shown the defendant by representatives of the Taylor Silk Manufacturing Company, and they were to consist of a fair color combination and assortment, such as had been delivered by the Taylor Silk Manufacturing Company to the defendant for a period of upwards of 15 years."

Thereupon plaintiff moved for a further bill of particulars, and this was ordered by the court (Stapleton, J., presiding), on April 1, 1910. This order (pages 21 and 22) directs a statement of "the style numbers, if any, the particular design, fabric, and color combinations of the handkerchiefs" and "mufflers," and also directs statement of the dates and amounts of payments alleged in paragraph 10 of the answer to have been made, as well as of the items making up the alleged damages of $3,000 and $4,500, as above given. Thereafter the defendant served no further bill, and the court (Garretson, J., presiding), on September 22, 1910, denied plaintiff's motion to preclude the defendant from giving evidence in reference to the particulars directed by Stapleton, J., without prejudice. The learned justice filed a memorandum (page 37) that the failure of the defendant should be stated to the court on the trial, and its ruling taken thereon.

The plaintiff's practice in moving to preclude the defendant from giving evidence respecting the items whereof he had failed to deliver a bill of particulars was proper. Gebhard v. Parker, 120 N. Y. 33, 23 N. E. 982; Smith v. Bradstreet Co., 134 App. Div. 567, 119 N. Y. Supp. 487. As there has been no appeal from the order of Mr. Justice Stapleton, and as such order admitted of no latitude from compliance, the motion should have been granted. However, it will be observed that the defendant stated that the design and fabric of the handkerchiefs were to be in accordance with the samples shown by the seller's agent, and that they were to consist of a fair color combination and assortment, which the defendant claims is a commercial term, and that the damages arose through failure to deliver goods in accord with the samples and of such fair color combination and assortment. While the order of Mr. Justice Stapleton remains effective, the order to preclude must be granted.

But it is within the power of the defendant to move for a modification of such order, even if the time limited for an appeal therefrom has expired. Upon such motion the court could be advised that the defendant admits that the amount unpaid is stated correctly in the complaint, and that there is no occasion to particularize in that regard, and could scrutinize the requirement that the defendant give a more detailed statement of the items of damages alleged. It could be brought to its attention that the style numbers of the handkerchiefs and mufflers were given in the bill of particulars, and that repetition thereof in the further bill of particulars is not necessary.

In addition, the court could consider whether the defendant should be required to give so detailed a statement of "the particular design, fabric, and color combinations or assortments" as the order requires. It may be that some description more general than that suggested by the order would apprise the plaintiff of the defendant's claim, and furnish him with all useful information within the defendant's expectable knowledge, recollection, and capacity for description.

The order should be reversed, with $10 costs and disbursements. All concur.