## CRAIG v. ROACH.

(Supreme Court, Appellate Term, First Department.   January 13, 1913.)

PLEADING (§ 323*)—BILL OF PARTICULARS—FAILURE TO SERVE.

Where plaintiff failed to. serve a bill of particulars within the time limited, after notice of a motion for an order precluding evidence, plaintiff should move to have his default opened and be allowed to serve his bill of particulars, and the court, on the hearing of the motion to preclude the evidence, should not extend the time for filing the bill without terms.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

Appeal from City Court of New York, Special Term.

Action by Bessie Craig against Stephen J. Roach. From an order denying a motion to preclude the giving of evidence for failure to serve a bill of particulars, defendant appeals.   Modified and affirmed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

H. E. Lippincott, of New York City, for appellant.
Karlin & Busch, of New York City, for respondent.

PER CURIAM.   An order requiring the plaintiff to serve a bill of particulars within five days after the service of a copy of the order with notice of entry was entered in this action on the 4th day of March, 1912, and a copy thereof with notice of entry served on the plaintiff's attorneys on the 5th day of March, 1912.   Plaintiff's attorney failed to comply with this order, and on November 20, 1912, the defendant served a notice of motion, returnable November 27, 1912, for an order precluding plaintiff from giving evidence on the trial of this action of the causes of action with respect to which he had been ordered to serve a bill of particulars.   On November 25, 1912, the plaintiff's attorneys attempted to serve a bill of particulars; but the defendant's attorney refused to accept it, and it was thereupon mailed to the defendant's attorney's address.   On the return day of the motion, plaintiff's attorneys presented an affidavit setting forth the attempted service of the bill of particulars 8 months and 15 days after the same was ordered to be served, in opposition to the motion, and asked that the same be denied.   He presented no excuse for his default, nor did he affirmatively ask to be relieved therefrom; but the court ordered that the motion be denied, on condition that the plaintiff serve the bill of particulars within two days after service of a copy of the order, otherwise granted, without the imposition of any terms.

We cannot approve of this practice.   The plaintiff's attorneys had failed to obey the order of the court, and the order precluding his testimony followed as of course.   Smith v. Bradstreet Co., 134 App. Div. 567, 119 N. Y. Supp. 487.   The plaintiff's attorneys should have moved to have his default opened and to be allowed to serve his bill of particulars, which relief could have been granted upon proper terms.

The order granted herein puts a premium upon disobedience of court orders and penalizes the diligent suitor.

The order will be modified, by directing the plaintiff to pay $10 costs at the time he serves the bill of particulars, and, as modified, affirmed, with $10 costs and disbursements of this appeal to the appellant.