McKENNA v. HORWITZ & SCHANBACK.

(Supreme Court, Appellate Division, Second Department.  July 31, 1914.)

1. PLEADING (§ 329*)—BILL OF PARTICULARS—FAILURE TO FURNISH.
    Code Civ. Proc. § 531, providing that, in case of a party's failure to furnish a bill of particulars as ordered, the court shall preclude him from giving evidence, is mandatory.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. § 329.*]

2. APPEAL AND ERROR (§ 671*)—RECORD—QUESTIONS PRESENTED.
    Matters not appearing in the record on appeal cannot be considered.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867-2872; Dec. Dig. § 671.*]

Appeal from Special Term, Kings County.

Action by Joseph McKenna against Horwitz & Schanback.  From an order denying motion for an order precluding plaintiff from giving evidence because of his failure to serve a bill of particulars, defendants appeal.  Order reversed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Benjamin C. Ribman, of Brooklyn, for appellants.
Thomas Downs, for respondent.

RICH, J.  This appeal is from an order of the Special Term, denying a motion for an order precluding the plaintiff from giving evidence on the trial of the action because of his failure to serve a bill of particulars pursuant to an order therefor, made on March 30th.  The motion papers were served on April 21st.  Two days thereafter, and on April 23d, a bill of particulars was served, and immediately returned upon the ground that the plaintiff was in default.

[1] Section 531 of the Code of Civil Procedure, providing that in case of a failure to serve a bill of particulars the party shall be precluded from giving evidence of the allegations of his pleading of which particulars have been ordered and not delivered, is mandatory (Smith v. Bradstreet Co., 134 App. Div. 567, 119 N. Y. Supp. 487), and if a bill ordered is not furnished, the precluding order follows as matter of course.  The court has no discretion, though it may in a proper case and upon a proper motion relieve a party from his default.

[2] No reason is disclosed for the failure to comply with the order directing the service of a bill of particulars, though it is said in the brief of counsel for the respondent that upon the hearing of the motion at Special Term he explained to the court the reasons for the delay, and moved informally that his client's default be opened on condition that the bill of particulars be delivered forthwith to the attorney for the defendant.  This does not appear in the record and must therefore be disregarded, and the order must be reversed, with $10 costs and disbursements, without prejudice to move to open the default upon such terms as the court may deem proper.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes