## McKEOWN v. FOSTER.

(Supreme Court, Appellate Term, First Department. June 16, 1915.)

1. PLEADING ⬡⟶329—BILL OF PARTICULARS—FAILURE TO FURNISH—PRECLUSION FROM PROOF.

An order of preclusion from proof for failure to comply with an order requiring a bill of particulars *held* not proper until the defendant has demanded a further bill of particulars as to the items alleged to have been omitted, and such bill has not been furnished.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. ⬡⟶329.]

2. PLEADING ⬡⟶324—BILL OF PARTICULARS—COMPLIANCE WITH DEMAND.

In an action for injuries received in stepping on an iron grating in defendant's sidewalk, where an order for a bill of particulars required plaintiff to state the object and purpose for which he stepped upon the grating, a bill alleging that plaintiff was returning from school, on his way home, and was passing along the highway when he stepped on the grating, was a sufficient compliance with the order.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. ⬡⟶324.]

3. PLEADING ⬡⟶317—BILL OF PARTICULARS—CLAIM OF PLAINTIFF.

In an action for injuries received in stepping on defendant's grating in a sidewalk, plaintiff's object and purpose in stepping upon the grating was no part of his "claim," particulars as to which might properly be demanded by an order for a bill of particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. ⬡⟶317.]

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. MUNICIPAL CORPORATIONS ☞817—DEFECTIVE SIDEWALK GRATING—PROOF TO SUPPORT RECOVERY.

In an action for injuries received in stepping on defendant's defective sidewalk grating, the plaintiff was under no necessity to prove the object and purpose for which he stepped upon the grating as a condition precedent to recovery.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. ☞817.]

5. PLEADING ☞329—BILL OF PARTICULARS—FAILURE TO FURNISH—PRECLUSION FROM PROOF—STATUTE.

Under Code Civ. Proc. § 531, providing that upon application in any case the court may direct a bill of particulars of the claim of either party to be delivered to the adverse party, and that in case of default the court shall preclude the party in default from giving evidence of the part or parts of his affirmative allegations of which particulars have not been delivered, where the action was for personal injuries received in stepping on defendant's defective sidewalk grating, and the particulars, as to which plaintiff was claimed to be in default in furnishing a bill as required by order, were neither actually nor inferentially a part of the allegations of the complaint, an order precluding him from offering evidence in support of the omitted items was unwarranted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. ☞329.]

Appeal from City Court of New York, Special Term.

. Action by Hugh McKeown, an infant, by Edward J. McKeown, his guardian ad litem, against Roger Foster. From an order granting defendant's motion to preclude plaintiff from offering evidence in reference to an allegation of the complaint, plaintiff appeals. Reversed, and motion denied.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Samuel Deutsch, of New York City, for appellant.

Jacob J. Aronson, of New York City (Roger Foster, of New York City, of counsel), for respondent.

BIJUR, J. [1] During the past year, defendant has procured three separate bills of particulars, each one containing different information. The merit of the defendant's position would be much stronger if he had made one demand for all this information, instead of harassing the plaintiff with this series of demands. While perhaps plaintiff's last bill of particulars does not literally comply with the order requiring it, an order of preclusion cannot be made until defendant has demanded a further bill of particulars as to the items alleged to have been omitted, and they have not been furnished. Reader v. Haggin, 114 App. Div. 112, 99 N. Y. Supp. 681. Even then it seems doubtful whether a motion to preclude should be granted in this case.

[2-4] Plaintiff sues for injuries received through having stepped upon an iron grating on the sidewalk in front of defendant's premises, and claims to have been injured because of the defective condition of the grating. The order requires plaintiff to state (among other particulars) "the object and purpose for which plaintiff stepped upon the grating." The bill of particulars alleges that plaintiff was returning from school, on his way home, and was passing along the highway when he stepped upon the grating. This, as I understand it,

sufficiently indicates the purpose for which he stepped upon it. But plaintiff's purpose in stepping upon the grating is no part of his "claim," as to which particulars may properly be demanded. That particular point, however, is not before us, because plaintiff has not appealed from the order directing the giving of the bill, but has apparently endeavored to comply with it. We cannot, however, close our eyes to the patent consideration that an order precluding plaintiff from giving evidence as to the object and purpose for which he stepped upon the grating would be a mere useless fulmination, since such evidence is entirely unnecessary to establish plaintiff's claim.

[5] The order appealed from precludes the plaintiff from giving any evidence as to the allegations in the ninth paragraph of the complaint, but the particulars as to which plaintiff is claimed to be in default are not, either actually or inferentially, a part of the allegations of said ninth paragraph, and the order for that reason, also, is unwarranted. See last sentence of section 531 of the Code of Civil Procedure.

The order must therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.