sufficiently indicates the purpose for which he stepped upon it. But plaintiff's purpose in stepping upon the grating is no part of his "claim," as to which particulars may properly be demanded. That particular point, however, is not before us, because plaintiff has not appealed from the order directing the giving of the bill, but has apparently endeavored to comply with it. We cannot, however, close our eyes to the patent consideration that an order precluding plaintiff from giving evidence as to the object and purpose for which he stepped upon the grating would be a mere useless fulmination, since such evidence is entirely unnecessary to establish plaintiff's claim.

[5] The order appealed from precludes the plaintiff from giving any evidence as to the allegations in the ninth paragraph of the complaint, but the particulars as to which plaintiff is claimed to be in default are not, either actually or inferentially, a part of the allegations of said ninth paragraph, and the order for that reason, also, is unwarranted. See last sentence of section 531 of the Code of Civil Procedure.

The order must therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

---

### McHALE v. FOSTER.

(Supreme Court, Appellate Term, First Department. June 16, 1915.)

Appeal from City Court of New York, Special Term.

Action by Richard McHale, an infant, by Richard McHale, guardian ad litem, against Roger Foster. From an order granting defendant's motion to preclude plaintiff from offering evidence in reference to an allegation of the complaint, plaintiff appeals. Reversed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Samuel Deutsch, of New York City, for appellant.

Jacob J. Aronson, of New York City (Roger Foster, of New York City, of counsel), for respondent.

BIJUR, J. The order is reversed, for the reasons set forth in the opinion in Order No. 5 (McKeown v. Foster, 153 N. Y. Supp. 983), with costs. All concur.

---

### HALPERN v. LANGROCK BROS. CO.

(Kings County Court. February 16, 1915.)

1. CONTRACTS ⬦⟿10—CONTRACT OF EMPLOYMENT—MUTUALITY.

A contract provided that in consideration of defendant engaging plaintiff in its manufacturing company at stipulated salary, beginning August 29, 1912, and ending February 29, 1916, plaintiff agreed to faithfully perform his duties, etc. The agreement further declared that, if plaintiff remained in defendant's employ for a period of three years, he should be paid $2 for each week he had been employed. Defendant refused to allow plaintiff to enter into the discharge of his duties. *Held* that, in view of the fact defendant admitted plaintiff was entitled to one week's salary, the contract was not void for want of mutuality, and might be enforced by plaintiff.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. ⬦⟿10.]

---

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes