### SAMUEL MUNDHEIM CO. v. SCHARLACH.

(Supreme Court, Appellate Division, Second Department.   October 8, 1915.)

PLEADING &⟶329—BILL OF PARTICULARS—FAILURE TO FILE—EFFECT.

Where defendant, after repeated extensions of time, fails to comply with an order of the court requiring a bill of particulars covering the allegations of special damage in his counterclaim, he will be precluded from giving evidence of such special damage as a matter of course, under the direct provisions of Code Civ. Proc. § 531.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. &⟶329.]

Appeal from Special Term, Kings County.

Action by the Samuel Mundheim Company against Gustav J. Scharlach.   From an order denying a motion by plaintiff to preclude defendant from giving evidence under his counterclaim, of items of special damage, plaintiff appeals.   Reversed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Mortimer H. Hess, of New York City (Henry L. Scheuerman, of New York City, on the brief), for appellant.

Arthur D. Fisher, of New York City, for respondent.

PER CURIAM.   The allegations in the counterclaim, being of special damage, were properly the subjects of a bill of particulars, which the court ordered last February.   Defendant has had repeated extensions of time to comply with the order.   That nevertheless, in July, defendant urged that he could not particularize the commissions and the names of his customers so lost, argues that such items are not provable.   Such prolonged failure to obey the order for a bill

of particulars requires, as matter of course, an order to preclude. McKenna v. Horwitz & Schanback, 163 App. Div. 541, 148 N. Y. Supp. 970.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and plaintiff's motion to preclude granted as to the particulars numbered 3, 5, 6, and 7 of the order of February 6, 1915, with $10 costs, but without prejudice to a motion to open defendant's default, on such terms as the court may deem proper.