JEANETTE W. LOSIE, Respondent, *v.* ROYAL INDEMNITY COMPANY, Appellant.

Third Department, July 2, 1917.

Pleading — action on life insurance policy — defense — warranty in application — bill of particulars — motion to preclude giving of evidence upon failure to comply with order.

Where, in an action on a policy of life insurance, the defendant alleged as a defense that the policy was based on an application containing a warranty that the insured had not obtained medical or surgical advice for seven years, except from an oculist, and that said warranty was false, and on a motion by the plaintiff for an order directing the defendant to serve a bill of particulars stating the name and address of each doctor or surgeon from whom the insured had obtained medical or surgical advice within the seven years, the defendant failed to comply with the order in respect to the names and addresses of the doctors and surgeons and stated that it was unable to furnish the same, but if it should become able at any time before the trial it would immediately comply with the order, it was in default in not making such offer when the original order was granted, and the plaintiff was entitled to an order precluding the defendant from offering evidence of the names and addresses of the physicians and surgeons consulted by the insured, unless such names and addresses be furnished to the plaintiff at least ten days before the trial.

An order directing that within five days the defendant serve a further bill of particulars setting forth all the sources of its knowledge or information and the grounds of its belief whereby it was enabled to verify the said defense, is unauthorized in so far as it requires the defendant to state more than it is bound to prove at the trial.

APPEAL by the defendant, Royal Indemnity Company, from an order of the Supreme Court, made at the Tompkins Special Term and entered in the office of the clerk of the county of Chemung on the 2d day of April, 1917, granting plaintiff's motion for a further bill of particulars and precluding defendant from giving evidence on the trial of such matters unless the bill of particulars is served as directed.

*Frank J. O' Neil* [*Herendeen & Mandeville* of counsel], for the appellant.

*Thomas M. Losie,* for the respondent.

Cochrane, J.:

This is an action on a policy of insurance issued by the defendant on the life of Arthur T. Losie. The defendant interposed an amended answer wherein as a fifth defense it was alleged that the policy of insurance was based on an application containing a warranty that Mr. Losie had not obtained medical or surgical advice for seven years except from an oculist and that said warranty was false and that the policy was, therefore, void.

On motion of the plaintiff an order was made directing the defendant to serve a bill of particulars stating among other things the name and address of each doctor or surgeon from whom Mr. Losie had obtained medical or surgical advice within seven years before the policy was issued. The defendant thereupon served a verified bill of particulars complying in some respects with the order for the same but in respect to the names and addresses of the doctors and surgeons consulted by the insured within seven years previous to the policy the defendant stated that it was unable to furnish the same, and further stated that if at any time before the trial of the action it discovered or was informed of the name and address of any such doctor or surgeon it would immediately furnish the plaintiff with such name and address as provided in the order directing the bill of particulars. Thereupon the plaintiff moved to preclude the defendant from giving any evidence at the trial of its said fifth defense.

In *People* v. *McClellan* (191 N. Y. 341) it is said that the court " cannot require a plaintiff to furnish the particulars of evidence which is not within his power to furnish or preclude him from giving lawful and proper evidence upon the trial, by reason of his inability to specify in advance what such evidence will disclose." If a party is unable to furnish the desired information a statement by him of such inability is a sufficient substitute for such information. (*Ferris* v. *Brooklyn Heights R. R. Co.*, 116 App. Div. 892; *Ziadi* v. *Interurban Street R. Co.*, 97 id. 137.)

When, therefore, the defendant stated its inability to furnish the names and addresses of the physicians and stipulated that it would immediately furnish the plaintiff such information if it acquired the same, it was doing all which

reasonably could be required. The defendant, however, is subject to criticism for not having offered this stipulation with a statement of its inability to furnish the information when the original order for a bill of particulars was granted. Such was the practice observed in *City of Rochester* v. *McDowell* (12 N. Y. Supp. 414), cited by the appellant. The defendant opposed the motion for a bill of particulars but submitted no affidavit and presented no disclaimer of its inability to furnish the desired information. If such disclaimer had been made at that time the court would have made the appropriate order and the rights of both parties would have been amply protected.

The defendant, therefore, has not complied with the order requiring the bill of particulars and is in default. The practice of the plaintiff in moving to preclude the defendant from giving evidence at the trial because of such default was strictly regular. This is not a case of an incomplete or defective bill of particulars but of a total failure to furnish any particulars in respect to certain requirements of the order directing the same. Hence, the cases of *Reader* v. *Haggin* (114 App. Div. 112) and *Faller* v. *Ranger* (99 id. 374) do not apply.

But while the defendant was technically in default the court in the interests of justice might well have excused the same and given effect to the stipulation offered by the defendant which seems to have been fair to the plaintiff except that the defendant should furnish the information a sufficient length of time before the trial to obviate surprise on the part of the plaintiff. Instead thereof the court directed that within five days the defendant serve a further bill of particulars setting forth all the sources of its knowledge or information and the grounds of its belief whereby it was enabled to verify the said fifth defense in its amended answer, and also if it relied upon admissions made by Mr. Losie to other persons that he had consulted physicians or surgeons that the defendant give the names and addresses of such persons to whom such admissions were made and all sources of its knowledge and information upon which it would rely upon the trial, and in default thereof that it be precluded from giving any evidence of said fifth defense. This is the order now under review.

It is too drastic and comprehensive.   It requires the defendant to state more than it is bound to prove at the trial and in this respect is unauthorized.   (*Matthews* v. *Hubbard*, 47 N. Y. 428.)   There is no reason to question the good faith of the defendant.   It may very well have knowledge or information justifying the belief that the insured consulted physicians without knowing who such physicians were.   If, for instance, the insured had the diseases which it is alleged in the answer he had, it would be a reasonable inference that he must have consulted physicians although no inference would arise as to their names.

The order should, therefore, be reversed, without costs, and the motion granted, without costs, to the extent only of precluding the defendant from offering evidence of the names and addresses of physicians and surgeons consulted by the insured unless such names and addresses are furnished by the defendant to the plaintiff at least ten days before the trial.

All concurred.

Order reversed, without costs, and motion granted, without costs, to the extent indicated in the opinion.