MAX POTTASH et al., Doing Business as POTTASH BROTHERS, Appellants, v. THE CLEVELAND-AKRON BAG COMPANY, Respondent.

*Contract — sale — action to recover on contract of sale — defense that title to goods sold never passed to purchaser.*

Pottash v. Cleveland-Akron Bag Co., 197 App. Div. 763, affirmed.
(Argued January 16, 1923; decided January 30, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered September 1, 1921, affirming so much of a judgment as was in favor of defendant as to the first cause of action and reversing so much of said judgment as was in favor of plaintiffs upon the second cause of action, which judgment was entered upon verdicts directed by the court. The action was to recover upon independent written contracts for the purchase by defendant and the sale by plaintiffs of two separate lots of burlap. The defense was that title in the goods never passed to the defendant.

*Charles C. Sanders* and *Emilie M. Bullowa* for appellants.

*Clifton P. Williamson* and *Edward W. Bourne* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

SMILEY STEEL COMPANY, INC., Appellant, v. LUCIEN SCHMOLL et al., Respondents.

*Contract — sale — action to recover on contract of sale — validity of contract — defense that title to goods sold never passed to purchaser.*

Smiley Steel Co. v. Schmoll, 200 App. Div. 655, affirmed.
(Submitted January 16, 1923; decided January 30, 1923.)

APPEAL from a judgment, entered April 12, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict directed by

the court and directing a dismissal of the complaint. The action was brought to recover the purchase price of 52,000 pounds of 4-point 3.12 gauge galvanized barb wire, which the plaintiff alleged it agreed to sell and deliver to the defendants and the defendants agreed to purchase and accept from the plaintiff and to pay plaintiff therefor the sum of $510 per hundred pounds, delivery to be f. a. s. Ward Line Dock, New York. The defendants took issue with the plaintiff, *first*, as to whether any valid, binding contract was entered into between the parties; and, *second*, that, even assuming the parties had contracted as claimed by the plaintiff, the plaintiff was not entitled to recover of the defendants the purchase price of said barb wire for the reason that title thereto never passed to defendants.

*B. F. Norris* for appellant.

*Alfred B. Nathan* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* SARAH SILVER, Appellant.

*Appeal — failure to file return.*

People v. *Silver*, 202 App. Div. 744, appeal dismissed.

(Submitted January 22, 1923; decided January 30, 1923.)

MOTION to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1922, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of violating section 50 of the Insurance Law.

The motion was made upon the ground of failure to file the required return.

*Joab H. Banton, District Attorney*, for motion.

*William Otis Badger, Jr.*, opposed.

Motion granted.