JOSEPHINE WALKER, Respondent, *v.* CLIFFORD BRADT, Appellant.

Fourth Department, March 13, 1929.

*Carroll M. Roberts* and *Timothy M. Keenan*, for the appellant.
*Charles B. Bechtold*, for the respondent.

TAYLOR, J. Plaintiff was a passenger with Frederick Miller in an automobile operated by him. Miller was driving westerly on Jay street in the city of Rochester. He had proceeded nearly across an intersecting street called Glide street and had come to a stop, when the rear right-hand side of his automobile was struck by defendant's automobile coming on Glide street from Miller's right, *i. e.*, the north. There is testimony that defendant's car was running fifty miles an hour, and other testimony that it was running no more than twenty. After the collision defendant's automobile ran across Jay street, over the southwesterly curb and into a vacant lot. Plaintiff recovered a verdict for physical injuries.

In closing his charge to the jury — and having reference to an ordinance or traffic regulation of the city of Rochester prohibiting the driving of a vehicle across an intersecting street at a speed in excess of twelve miles an hour — the learned trial court made the following statement, to which defendant took an exception: " The disobedience of a traffic ordinance is evidence of negligence, and if the disobedience of a traffic ordinance causes an accident, it is negligence." The charge that disobedience of a municipal traffic ordinance is evidence of negligence was correct; but the added statement that if such disobedience was the cause of the accident, the jury must find negligence from it was erroneous. This is not now the law in the State of New York. (*Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Schumer* v. *Caplin*, 241 id. 346.)

The jury should have been told that if they found that the ordinance was violated by defendant and that this caused the mishap, they still could find or decline to find actionable negligence in the defendant for this reason, after considering this subject with all the other circumstances presented. Because of the physical situation involved and the conflicting testimony relative to the whole transaction, the charge referred to was materially prejudicial to appellant.

Plaintiff, on demand of defendant, had served a bill of particulars to the effect that her spine was injured and its muscles and ligaments twisted and strained; that she sustained an injury near the base of her skull, a severe bruise upon her forehead; that the muscles and ligaments of her right leg near her knee were strained and injured; that the nerves throughout her entire body were injured so they did not function properly and had not since the accident, and that the injuries to her nervous system were manifested by inability to concentrate upon her work, by inability to sleep properly, and by a feeling of apprehension when riding in or near automobiles. On the trial, under the objection and exception of defendant, plain-

tiff was permitted to prove that she had had pains in her stomach; that she had had sour stomach and vomiting spells; that her weight had diminished fifty-one pounds; and that she had had disturbance of her menstrual functions.

It can hardly be said that the physical conditions proved under objection " necessarily, usually and immediately flow " (*Keefe* v. *Lee*, 197 N. Y. 68) from the personal injuries sustained, or that they were comprehended by the bill of particulars. One object of a bill of particulars being to specifically advise the opposing party as to what subjects of proof he must anticipate (*Smiley Steel Co.* v. *Schmoll*, 200 App. Div. 655; affd., 235 N. Y. 520), it would be advisable upon a new trial that plaintiff be confined to proof of physical conditions clearly within the limits of the particularization furnished by her to the defendant. (*Kurak* v. *Traiche*, 226 N. Y. 266; *Stapleton* v. *Butensky*, 188 App. Div. 237.)

Appellant's contention that the court erred in permitting plaintiff during the trial to increase the demand in her complaint from $3,000 to $6,000 is without merit. We are satisfied that this was not done in the hearing of the jury, and the amount of the verdict was less than $3,000.

For the reasons given, the judgment appealed from should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.