346

MARY THOMA, Plaintiff, v. JOSEPH H. KOEPPEN, Defendant.

City Court of New York, Queens County, February 15, 1930.

*Charles Finch*, for the plaintiff.

*Bernard J. Ferguson*, for the defendant.

GEISMAR, J. This motion to preclude presents the question of the propriety and worth-whileness of the not uncommon practice of returning a bill of particulars within twenty-four hours after service with a statement that the bill being insufficient, the demandant declines to accept it. There are two possible situations in which this practice may be indulged: (1) Where the bill is served after demand (Civ. Prac. Act, § 246); and (2) where the bill is served after order directing it (Civ. Prac. Act, § 247; Rules Civ. Prac. rule 115).

In rank and importance, it would indeed seem that a bill of particulars is almost to be classed as a pleading. (*Maxherman Co. v. Alper*, 210 App. Div. 389; *Smiley Steel Co., Inc., v. Schmoll*, 200 id. 655; affd., 235 N. Y. 520; *Harmon v. Peats Co.*, 243 id. 473.) As an amplification or delimitation of the pleading itself, it fixates the boundaries of admissible evidence at the trial. Its dignity well compares with that of any pleading in the cause, when we recall the familiar rule that on a motion for judgment on the pleadings in which even affidavits may not be submitted, the bill nevertheless is deemed so integral a part that it is read and considered in the determination of the motion. (*Kronman & Co. v. Public National Bank*, 218 App. Div. 624; *Dineen v. May*, 149 id. 469.)

Up to the present time, no one has suggested that the party to an action shall have the right to return within twenty-four hours

a complaint, answer or reply with a statement that it is insufficient. A decision as to the sufficiency of any one of them is distinctly reserved to the court as the exercise of a judicial function. However, such practice with respect to a bill is, at least, negatively sanctioned in numerous cases as " a convenience of practice." (*Bloom* v. *Bush Terminal Co.*, 164 N. Y. Supp. 895.) Great changes of procedure have come about because of convenience, that is to say, for economic purposes. Formerly all pleadings were made under the eye of the court. (3 Black. Comm. 293.) When litigation grew greatly in volume, and unquestionably as an economic measure, the drawing and service of pleadings and process were intrusted to the attorneys. This evolutionary development has been extended to include recently the New York City Municipal Court (New York City Mun. Ct. Code, §§ 18 and 19). In like manner and for the same reason, there seems to have grown up this practice of returning a bill for insufficiency, although it seems difficult to trace its origin. (Carmody's New York Practice, § 282, citing *Paddock* v. *Palmer*, 32 Misc. 426.)

In my humble opinion, however, the practice is bad, leads only to evil results, and is in no wise authorized except by judicial condonation. Let it first be noted that no statutory authorization for it is anywhere to be found.

If anything, the practice seems to be prohibited by implication in the clear and express language of section 246 of the Civil Practice Act which prescribes the procedure as follows: " If he fails so to do [*i. e.*, to furnish a bill], he is precluded from giving evidence of the account. The court, or judge authorized to make an order in the action, may direct the party to deliver a further account where the one delivered is defective." Although section 246 speaks of particulars of accounts, there is nothing in it nor in section 247, relating to bills in general by order, which may be even loosely interpreted as permitting an attorney to pass on the bill's insufficiency and to return it. Again, in *Faller* v. *Ranger* (99 App. Div. 374), which seems to be the ruling case on the subject, the court clearly expresses itself as out of sympathy with this practice, when it says: " If the bill served is deemed defective or insufficient, the one on whom it is served can move for a further bill of particulars; and this is seemingly *the more regular and orderly practice*." (Italics are mine.)

Let us now contemplate the possible next steps in the litigation when a bill is returned. In the first situation, where a bill is served upon demand and returned, the demandant must then move for a bill, whereupon either the respondent will serve the same bill or the court upon presentation of the facts will make a short cut and take up the question of sufficiency. In this situation, transparently,

the return of the bill was of no avail whatever and a mere waste of effort.

In the second situation, where a bill is served after order directing it, if the bill be returned, what then? The demandant though fortified by his order, cannot do what the movant is doing here, namely, move to preclude for default in serving a bill for the reason that a bill was actually served.

A motion to preclude as for a default does not lie where a bill has been served, however defective it may be and whether returned or not. (*Hosner* v. *Keahon*, 63 Misc. 253; *Reader* v. *Haggin*, 114 App. Div. 112; *Faller* v. *Ranger*, *supra*; *Losie* v. *Royal Indemnity Co.*, 179 App. Div. 439; *McCallum* v. *Beau-Site Co.*, 182 id. 243.) Neither can such demandant move to preclude because the bill is insufficient for the very good reason that having returned it, thereby declaring it a nullity, he has it not, cannot exhibit it to the court, and has taken the stand that it is non-existent. For this reason, also, he cannot move for an amended bill. Hence, the demandant has deadlocked himself and imposed upon himself a policy of inaction, awaiting the next move of his adversary. The party serving the bill may move then to compel acceptance, but he is under no compulsion to do so. He may likewise have recourse to a policy of inaction and do nothing. The next result is then that the whole controversy is thrown into the trial court, where it should not be allowed and which is an evil consequence. (*Faller* v. *Ranger*, *supra*.)

Obviously, our whole procedure is designed to clear away the underbrush before the trial, so that, after all questions pertaining to the pleadings and the bill have been solved in practice motions, the way is open and unobstructed for the trial court to do that which alone it is designed to do, namely, to conduct a trial upon the material issues presented in the cause. However we may regard it then, the practice of returning the bill seems to me not only not to tend to reduce the number of practice motions, but even to multiply them and is big with bad consequences of serious import.

In the present motion the movant, after obtaining an order directing service of a bill, returned the bill served on him, and now moves for an order of preclusion. Under the reasoning set forth here, following *Faller* v. *Ranger* (*supra*), he himself is precluded from moving in any way until the other side moves, and if it does not, he will have to await the trial in order to have this interesting controversy decided. (*Smith* v. *Bradstreet Co.*, 134 App. Div. 567.)

Motion denied. Order signed.