and conviction as a second offender. Petitioner was indicted as a second offender, but not convicted as such. That section has no application to proceedings under section 1943 of the Penal Law.█ (*People ex rel. Marcley* v. *Lawes, supra.*) Petitioner should be returned to the County Court for resentence to an indeterminate sentence.

SARAH ROSENBERG, Appellant, v. DAVID ROSENBERG, Respondent.— Order modifying separation decree by reducing the amount of alimony from fifteen dollars a week to seven dollars a week reversed upon the facts, with ten dollars costs and disbursements, and motion denied, upon the ground that the defendant failed to establish such changed conditions since the making of the separation decree as would justify the order of modification. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

FRANK RUTKOWSKI, Appellant, v. EARL M. LAMPE, Respondent.— Judgment unanimously affirmed, with costs, pursuant to section 106 of the Civil Practice Act. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

ISHAIA SHALOM, Doing Business as I. SHALOM, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant. (Appeal No. 1.) — Order granting plaintiff's motion for a discovery and inspection affirmed, with ten dollars costs and disbursements; inspection to be had on ten days' notice. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

ISHAIA SHALOM, Doing Business as I. SHALOM, Respondent, Appellant, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant, Respondent. (Appeal No. 2.) — Order modified by striking therefrom the provision precluding the defendant from giving evidence of its fifth defense unless it furnishes the particulars required on or before ten days after the conclusion of the examination of plaintiff before trial, and substituting in the place thereof a provision that it be so precluded unless it furnish such particulars to plaintiff at least ten days before the trial, and, as so modified, affirmed, without costs. (See *Losie* v. *Royal Indemnity Co.*, 179 App. Div. 439.) Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

GEORGE W. SHRADER, Respondent, v. INGRAM MANUFACTURING COMPANY, Appellant.—Order as resettled denying defendant's motion to vacate judgment upon the ground of lack of jurisdiction in the courts of this State but vacating the judgment upon terms, with leave to answer, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

VILLAGE OF MONROE, Respondent, v. EGBERT BENJAMIN, Appellant.— Judgment affirmed, with costs. No opinion. Young, Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents upon the ground that in no event did plaintiff acquire more than an easement over the land flooded by the erection of dams, especially as to the last two floodings.

THE VILLAGE OF MONROE, Respondent, v. HENRIETTA SHEARIN and Others, Appellants.— Judgment affirmed, with costs. No opinion. Young, Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents upon the ground stated in *Village of Monroe* v. *Benjamin* (*ante*, p. ——), decided herewith.

ALLAN D. WIGHTMAN, Appellant, v. FRANK GANTERT, Respondent.— Order