Matthew M. Levy, J.
The plaintiff heretofore moved to strike certain allegations contained in the answer of the defendant. The motion was granted, with leave to the defendant to serve a correct amended answer. Within due time, the defendant served an amended answer. The plaintiff promptly returned the new. pleading, with a notice of rejection to the effect that it did not comply with the order which had granted leave. The defendant moves before me to compel the plaintiff to accept service.
The practice of rejecting pleadings has been allowed by the courts’ where there has not been a proper verification, when the pleading was not timely served, or where it fails to conform to rules 10 and 11 of the Rules of Civil Practice' in relation to legibility and size of the paper used and to the required subscription and indorsement by the attorney (Rules Civ. Prac., rule 12). And, formerly, the practice was also indulged in of returning' bills of particulars because of alleged defects or insufficiency, and of subsequently moving to compel acceptance. This latter procedure was now and then condoned — and criticized— by the courts (Thoma v. Koeppen, 136 Misc. 346) and appears to have been overcome by the adoption of subdivision (d) of rule 115 of the Rules of Civil Practice. But I have been unable to find any authority in statute, rule or case to compel the practice of rejecting a pleading — proper in form and served *152 within time — upon the ground of claimed inadequacy in substance, and of thus imposing upon the adversary the onus of moving to compel acceptance. On the basis of my research, the precedents I have found are to the contrary. For example in Robertson v. Rockland Cemetery Improvement Co. (54 App. Div. 191, 192) the court said: “ it was not for the plaintiff’s attorney to determine as to whether the answer should be received or not. If it was not in accordance with the leave given, his remedy was to move to strike it out as not complying with the order ” (cf. Mann v. Press Pub. Co., 135 App. Div. 361; Hubert v. Apostoloff, 200 App. Div. 641).
The parties to this cause are in a court of law and justice, not on a tennis court — where quick returns may well be the necessitous order of the day. This matter, so seemingly one of procedural technique merely, may, on occasion, become one of professional hazard and annoyance, and perhaps of substantive moment to the party involved. For, where a plaintiff rejects an answer — and such nonacceptance be deemed required — he may thereby place the defendant in default, and, in certain circumstances, enter judgment ex parte against the defendant on the basis of the latter’s failure to plead to the complaint (Civ. Prac. Act, § 486, subd. 2). That would appear to be true even if it later were determined that there was some arguable — although not decisive — merit to the defendant’s contention that the amended answer that he had served was in due compliance with the leave that had been previously granted him. It is no helpful response to say that the issue can be resolved on a motion by the defendant to be relieved of the default or to compel acceptance of the pleading served. It were better and simpler —it seems to me — if a practice were to be enforced which would avoid the possibility of snap defaults and the concern that may result therefrom (although I do not intimate that that is the plaintiff’s intention in the instant case).
The defendant’s motion to compel acceptance is, therefore, granted, and an order has been signed accordingly. In making this determination, I do not pass on the sufficiency of the amended answer or decide whether it complies with the leave given. My decision is without prejudice to such motion as the plaintiff may be advised to make with respect to the pleading in any respect. If there be noncompliance with the prior leave, and if the defendant appears to have deliberately ignored the court’s ruling in that regard, the court is not powerless in the exercise of discretion to protect the plaintiff and to compel respect for its own mandate.